**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY FLEISCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-08295** |
| | ) | |
| **ACCESSLEX INSTITUTE d/b/a ACCESS** | ) | **Judge Manish S. Shah** |
| **GROUP; CONDUENT EDUCATION** | ) | |
| **SERVICES, LLC f/k/a ACS EDUCATION** | ) | |
| **SERVICES; MASSACHUSETTS HIGHER** | ) | |
| **EDUCATION ASSISTANCE CORPORATION** | ) | |
| **d/b/a AMERICAN STUDENT ASSISTANCE;** | ) | |
| **DELTA MANAGEMENT ASSOCIATES,** | ) | |
| **INC.; F.H. CANN & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CONDUENT EDUCATION SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CONDUENT EDUCATION SERVICES, LLC f/k/a ACS EDUCATION

SERVICES[1] ("Conduent"), by its attorneys, Maurice Grant and Lucille A. Blackburn, of Grant

Law LLC, hereby responds to Plaintiff's First Amended Complaint ("Amended Complaint") as

follows:

## INTRODUCTION

The Defendants in this case comprise the lender, the guarantor, the servicers, and the
collection agencies assigned to collect Plaintiff's student loan. Plaintiff Jeffrey Fleischer
consolidated several federal student loans through the Federal Family Education Loan Program
("FFELP") with Defendant Access Group in June, 2004. For years, Plaintiff was diligent in
making his student loan payments, even depleting his personal savings account when he was
unemployed.

When his savings was about to run out, in November 2011, and shortly before servicing
of the loan was transferred to Defendant ACS, Fleischer requested a forbearance. Despite
Defendant Access Group's, the loan's originator, approval of the forbearance request at that
time, all of the Defendants subsequently: (1) failed to honor the forbearance; (2) failed to provide

---

[1] This Answer incorporates all responses to all references made by Plaintiff to ACS and Conduent jointly.

notices required by applicable federal guidelines; (3) failed to contact Plaintiff *at all* until *after* a purported default; and (4) attempted, and continue to attempt, to collect an incorrect and wrongfully-inflated loan balance.

Plaintiff has remained diligent and reasonable in his efforts to resolve this matter. He has offered to pay the correct loan balance in a lump sum. He has been diligent in dealing directly with each Defendant, as well attempting resolution through the Consumer Financial Protection Bureau, but to no avail. As a result, Plaintiff has been forced to retain counsel and file this lawsuit.

**ANSWER:** **Plaintiff's allegations in the Amended Complaint are not compliant with 735 ILCS 5/2-603. Therefore, Conduent provides no response to the introduction of the Amended Complaint. To the extent a response is required, Conduent denies the allegations contained in the introduction of the Amended Complaint.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") claims pursuant to 28 U.S.C. § 1331 because such claims arise under the laws of the United States.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 1 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits the allegations contained in paragraph 1 of the Amended Complaint.**

2. Given the inextricably intertwined nature of Defendants' servicing and debt collection conduct involving Plaintiff's student loan account, this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 2 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies the allegations as to Conduent and ACS in paragraph 2 of the Amended Complaint.**

Conduent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Amended Complaint.

3.     Alternatively, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 3 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.**

4.     This Court has personal jurisdiction over all the Defendants, because they do business in the State of Illinois and a substantial part of the wrongful acts alleged in this Complaint were committed in Illinois.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 4 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent admits the Court has personal jurisdiction over Conduent.  Conduent denies it committed wrongful acts alleged in the Amended Complaint.  Conduent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Amended Complaint.**

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 5 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent lacks**

**knowledge or information sufficient to form a belief as to the truth of the allegations**

**contained paragraph 5 of the Amended Complaint.**

**PARTIES**

6.      Plaintiff **Jeffrey Fleischer** is a citizen of the State of Illinois and resides in the City of Chicago.

**ANSWER:      Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.**

7.      Defendant **Accesslex Institute d/b/a Access Group ("Access Group")** is a foreign corporation, with its principal place of business located at 10 North High Street, Suite 400, West Chester, Pennsylvania 19380.

**ANSWER:      Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.**

8.      In 2004, Access Group was in the business of offering student loans, and issued the Note implicated in this case; Access Group also initially serviced Plaintiff's consolidated loan.

**ANSWER:      Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.**

9.      Access Group ceased providing loans in 2010 due to legislative action that eliminated the federal guaranteed student loan FFELP program.

**ANSWER:      Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.**

10.      The loan-servicing performed by Access Group, including the servicing of Plaintiff's loan, was transferred to ACS Education Services on or about December 23, 2011.  See *December 23, 2011 Access Group Press Release*, attached hereto as Exhibit A.

**ANSWER:      Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.**

4

11.     Defendant **Conduent Education Services, LLC f/k/a ACS Education Services ("ACS")** is a Delaware limited liability company, with its principal executive offices located at 2277 E. 20th Street, Long Beach, California 90810.

**<u>ANSWER:</u>     Conduent admits that it is a Delaware limited liability company.**

**Conduent denies all other allegations contained in paragraph 11 of the Amended**

**Complaint.**

12.     From 2003 to 2013, as a subsidiary of Xerox, ACS handled servicing of student loans under a Department of Education contract worth an estimated $2 billion.

**<u>ANSWER:</u>     Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.**

13.     According to Conduent's website, on January 1, 2017, ACS became part of Conduent Business Services, LLC, the world's largest business process services company.

**<u>ANSWER:</u>     Conduent admits the allegations contained in paragraph 13 of the**

**Amended Complaint.**

14.     Since becoming a subsidiary of Conduent Business Services, ACS is now Conduent Education Services, LLC.

**<u>ANSWER:</u>     Conduent denies the allegations contained in paragraph 14 of the**

**Amended Complaint.**

15.     Defendant **Massachusetts Higher Education Assistance Corporation d/b/a American Student Assistance ("ASA")** is a Massachusetts non-profit corporation, with its corporate headquarters located at 100 Cambridge Street, Suite 1600, Boston, Massachusetts 02114.

**<u>ANSWER:</u>     Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.**

16.     ASA is a FFELP guarantor; while federal legislation ended privately financed, federally-guaranteed education loans under the FFELP, ASA continues to fulfill its obligations as a guarantor for its remaining FFELP portfolio, which stands at approximately $35 billion and 1.3 million borrowers.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17. **Defendant Delta Management Associates, Inc.("Delta Management")** is a Massachusetts collection agency with its corporate headquarters located at 100 Everett Ave., Suite 6, Chelsea, Massachusetts 02150.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. According to its website, "[f]or more than 31 years, Delta has offered superior recovery and default management solutions to clients in the higher education, government and financial services industries."

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19. **Defendant F.H. Cann & Associates ("F.H. Cann")** is a Massachusetts collection agency with its principal place of business located at 1600 Osgood St., Suite 20-2/20, North Andover, Massachusetts 01845.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. According to its website, F.H. Cann was established in 1999 and "utilizes the latest technology the collection industry has to offer in order to maintain both a competitive advantage and a high level of compliance and recoveries in this ever-evolving profession."

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

### THE FFELP SYSTEM AND STUDENT LOANS GENERALLY

21. According to the Consumer Financial Protection Bureau ("CFPB"), as of September 2015, more than 41 million Americans collectively owe more than $1.2 trillion in student loan debt, making student loan debt the second-largest class of consumer debt behind mortgages. See *September 2015 CFPB Report on Student Loan Servicing*, attached hereto as Exhibit B.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.**

22.     More than one-in-four student loan borrowers are now delinquent or in default on a student loan. *Id.*

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.**

23.     When a borrower defaults on a student loan and the lender is unable to recover the amount, the lender recoups its loss from the guarantor.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.**

24.     After a guaranty is paid, the Department of Education ("ED") acts as a secondary insurer on a FFELP loan, such as Plaintiff's.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.**

25.     Thus, when a lender assigns a defaulted loan, the guarantor must take diligent steps to recover the default amount, but, having done so, may then also recover up to one hundred percent of its losses from ED.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.**

26.     Lenders and guarantors are therefore insulated from loss.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.**

27.     This system, in which losses are ultimately borne by the Taxpayer, inures to the benefit of not only the lenders and guarantors, but to student loan servicers and collectors as well.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.**

28.     For example, except in extraordinary circumstances, student loan debt is not dischargeable in bankruptcy.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.**

29.     Also, lenders, servicers, and collectors are not constrained by any statute of limitations in which to sue, collect, or otherwise enforce student loans.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 29 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.**

30.     Student debtors' wages can be administratively garnished, without benefit of a judgment, and their tax refunds may be intercepted via the Treasury Offset Program, or "TOP."

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.**

31.     As a consequence, there are few economic incentives for student lenders, servicers, guarantors, and collectors to provide superior customer service.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.**

## ORIGINATION AND PAYMENT HISTORY

32.     In this case, on or about June 1, 2004, Plaintiff Jeffrey Fleischer consolidated several undergraduate and graduate student loans with Access Group.  See *Federal Consolidation Loan Application and Promissory Note,* attached hereto as Exhibit C.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.**

33. After Fleischer's purported default, Access Group recouped the loan balance from guarantor ASA on or about March 26, 2013, according to ACS' response to Plaintiff's CFPB complaint dated March 29, 2017. Ex. H, *infra*.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.**

34. After consolidating his loans in June 2004, Plaintiff timely made all of his required payments to Defendant Access Group for the remainder of that year.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.**

35. Plaintiff timely made all of his required payments to Access Group in 2005.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.**

36. Plaintiff timely made all of his required payments to Access Group in 2006.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.**

37. In 2007, Access Group lowered Plaintiff's interest rate from 3.5% to 2.5% as a result of Plaintiff making 36 consecutive timely payments.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.**

38. Plaintiff timely made all of his required payments to Access Group in 2007.

    **ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.**

39. In 2008, Plaintiff Jeffrey Fleischer accepted a temporary, grant-funded position abroad.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.**

40. Plaintiff timely made all of his required payments to Access Group in 2008, while abroad.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.**

41. At the end of 2008, Plaintiff returned to the United States and, like many Americans at that time, had difficulty securing employment.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.**

42. Despite being unemployed, Plaintiff utilized his savings to timely make all required payments to Access Group in 2009.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.**

43. Plaintiff continued to utilize his savings to timely make all required payments to Access Group in 2010.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.**

44. At the beginning of 2011, Plaintiff remitted a $3000 payment to Access Group to cover all required payments for the following year.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.**

45. Accordingly, Plaintiff paid significantly more in student loan payments than he earned working in 2009, 2010, and 2011.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.**

## PLAINTIFF'S FORBEARANCE REQUEST AND THE SERVICING TRANSFER OF THE LOAN

46.     In or about November, 2011, in response to his depleted savings and continued difficulty in securing a consistent income, Plaintiff applied for a forbearance of his student loan agreement with Access Group.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.**

47.     Plaintiff then called Access Group to follow up on his application.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.**

48.     During that phone conversation, the Access Group representative informed Plaintiff that: (1) Plaintiff's application for forbearance was accepted; (2) the loan's 2.5% interest rate would continue to accrue during the forbearance; (3) the forbearance would last up to three years; and (4) Access Group had sent the forbearance acceptance letter to Plaintiff's previous address.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.**

49.     In response, during that conversation, Plaintiff made sure to provide the Access Group representative with his correct, current address at 6118 N. Sheridan Rd. Apt. 902, Chicago, Illinois; to be certain, Plaintiff had the representative read his address and telephone number back to him to confirm that Access Group had his current information.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.**

50.     At that time, when the forbearance period started, Plaintiff's student loan balance was approximately $38,000.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.**

51.     Shortly thereafter, on December 23, 2011, according to the press release, "Access Group, Inc. Select[ed] ACS, A Xerox Company for Loan Servicing." Ex. A.

11

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52.     Also according to its press release, "[t]he conversion of the loans to the ACS system is subject to the confirmation of applicable rating agencies of the ratings of Access Group's asset-backed securities that finance the loan portfolio.  The conversion is expected to be completed by March 31, 2012." *Id.* (Emphasis supplied).

**ANSWER:** Conduent admits that Plaintiff accurately recited the quoted language stated in paragraph 52 of the Amended Complaint.  Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Access Group did not send the press release to Plaintiff, nor any notice of the servicing transfer from Access Group to ACS.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Additionally, Plaintiff, unaware of the servicing transfer, never received any written confirmation of the forbearance from either Access Group or ACS.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     In fact, Plaintiff received no correspondence from any entity regarding the subject student loan account for the next 23 months.

**ANSWER:** Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     Historically, Xerox/ACS' record of transferring loans has not been stellar.  See *December 13, 2012 "Final Alert Memorandum"*[2] and *November 5, 2015 "Functionality of the*

_____

[2] *"DMCS2 is unable to accept transfers of more than $1 billion in loans that had redefaulted after being transferred to ACS for servicing."*

*Debt Management Collection System 2*[3] *Final Audit Report*, concerning ACS' inability to implement the Debt Collection Management System 2 ("DMCS2"), both from Department of Education's Office of Inspector General ("OIG"), attached hereto as Group Exhibit D.

**ANSWER:** **Conduent denies the allegations contained in paragraph 56 of the Amended Complaint.**

57. The foregoing Paragraph is consistent with Plaintiff's allegations that neither Access Group nor ACS ever informed Plaintiff of the servicing transfer.

**ANSWER:** **Conduent denies the allegations, as to Conduent, contained in paragraph 57 of the Amended Complaint. Conduent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Amended Complaint.**

## TWO YEARS AFTER ACCESS GROUP-ACS SERVICING TRANSFER, COLLECTION EFFORTS RESUME

58. On November 8, 2013, Plaintiff received a letter from Defendant Delta Management, a company that Plaintiff had never heard of, stating:

     a.    The subject student loan was in default;
     b.    The subject student loan account was now serviced by ACS, another company that Plaintiff, at that time, had never heard of;
     c.    The subject student loan account was now owned by ASA, yet another company that Plaintiff had never heard of; and
     d.    The subject student loan balance was now approximately $51,000.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint.**

59. Plaintiff was alarmed that his balance had increased by approximately $13,000, as the balance on a $38,000 loan at 2.5%, compounded, should have only been approximately $39,923.

---

[3] "*[Federal Student Aid] issued a cure notice to Xerox in February 2012 to allow Xerox an opportunity to (1) cure its failure to implement the required functionality of DMCS2 in a timely manner and (2) provide a corrective action plan.*"

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint.**

60. Thus, on information and belief, which Plaintiff verily believes, the additional fees and/or an increased interest rate related to the wrongful default increased his indebtedness by over $11,000.

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.**

61. That same day, November 8, 2013, Plaintiff called Access Group, because it was Access Group who granted the forbearance in or about November 2011; Access Group confirmed that the loan had been transferred and that he should call ACS.

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.**

62. Access Group did not explain why he was not informed sooner, in writing, of the transfer of the consolidated loan.

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.**

63. Also that same day, November 8, 2013, Plaintiff filed a complaint with the CFPB.

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint.**

64. On November 12, 2013, Plaintiff called Delta Management and spoke to representative Jose Torres, who stated that he would note that the subject account was in dispute and transferred Plaintiff to his supervisor, Irene Metcalfe.

**<u>ANSWER</u>:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.**

65. Ms. Metcalfe, who noted that Plaintiff had "excellent credit" and acknowledged that Plaintiff's confusion made sense, told Plaintiff to call ASA because, "they're good at working with situations like this."

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.**

66. Two days later, on November 14, 2013, Plaintiff called ASA and spoke to a representative who refused to provide his name and repeatedly cut Plaintiff off, interrupting him when he attempted to explain the situation and his confusion.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.**

67. When Plaintiff told the ASA representative that he hadn't heard of ASA, ACS, or Delta Management before, the representative said that was because "we had to track you down."

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint.**

68. Thus, Plaintiff was shuffled from Access Group to Delta Management, then from Delta Management to ASA, without any Defendant providing information about Plaintiff's loan.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.**

69. The ASA representative's characterization "we had to track you down" was false, because, as stated *supra*, Plaintiff provided Access Group with his address and telephone number in December, 2011, and that information remained the same thereafter.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.**

70. Additionally, even if the Access Group representative did not properly record Plaintiff's correct address, his address was readily accessible to Defendants, as it has been reported on Plaintiff's Transunion credit report since December 18, 2011. See *First Page of Plaintiff's April 19, 2017 Transunion Credit Report*, attached hereto as Exhibit E.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.**

71.     After being shuffled back and forth, and getting nowhere in his attempt at obtaining an answer and resolution with the unnamed ASA representative, Plaintiff was forced to retain an attorney.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.**

72.     On November 27, 2013, Plaintiff's prior counsel sent a letter to ASA and Delta Management explaining the situation and disputing the purported amount of Plaintiff's debt.  See *November 27, 2013 Correspondence,* attached hereto as Exhibit F.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.**

73.     Specifically, the November 27, 2013 letter disputed the amount ASA claimed was owed, described Plaintiff's long history of timely payments, and noted that neither ACS nor ASA notified Plaintiff of the loan's transfer, any servicing transfer, or the purported default.  *Id.*

**ANSWER:     Conduent denies the allegations as to Conduent and ACS contained in paragraph 73 of the Amended Complaint.  Conduent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of the Amended Complaint.**

74.     Plaintiff's prior counsel received no response until over two months later; and the January 28, 2017 response only requested a third party authorization in order to speak to or correspond with Plaintiff's prior counsel.  See *January 28, 2014 ASA Correspondence*, attached hereto as Exhibit G.

**ANSWER:     Conduent denies the allegations contained in paragraph 74 of the Amended Complaint.**

75.     Plaintiff immediately faxed a third-party authorization letter to ASA.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.**

76.     Another two full months later, in April 2014, Plaintiff's prior counsel received a letter from ASA that did not respond to any issue raised in the correspondence, but instead

16

simply reiterated the purported amount of debt and fees, and failed to acknowledge Plaintiff's forbearance agreement and Defendants' failure to provide notice of the ownership transfer, servicing transfer, and pending "default."

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint.**

77.     Plaintiff's prior counsel responded to ASA's letter by reasserting that the collection fees and amount purportedly owed were illegitimate and offered to pay ASA the legitimate amount of the debt.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.**

78.     ASA responded by demanding that Plaintiff's prior counsel speak to Delta Management, instead of ASA, about the issue.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.**

79.     Thus, Plaintiff, through counsel, was again shuffled from one entity to the other without answers or a resolution.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.**

80.     Plaintiff's prior counsel then contacted Delta Management.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.**

81.     In response, on or about May 28, 2014, Delta Management sent Plaintiff's prior counsel a request for a third-party authorization.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint.**

82.     Again, Plaintiff promptly sent the requested third-party authorization to Delta Management.

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint.**

83.    Plaintiff's prior counsel subsequently had several phone conversations with Delta Management representatives.

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint.**

84.    In one conversation, a Delta Management representative claimed that ASA sent letters to Plaintiff starting in March 2013 to Plaintiff's correct address, none of which Plaintiff ever received.

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint.**

85.    The foregoing false assertion that "letters were sent" contradicts the ASA representative's previous false assertion that they "had to track [Plaintiff] down."

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint.**

86.    In another conversation, a Delta Management representative claimed that Defendants tried calling Plaintiff and that his "voicemail wasn't set up;" however, Plaintiff's phone number has remained the same since November 2011 and his phone has continuously had voicemail since the day it was activated.

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint.**

87.    In yet another conversation, a Delta Management representative acknowledged that ACS had never provided any paperwork related to the servicing and ownership of the subject loan, either to ASA or Delta Management; and therefore Delta Management could not provide any relevant documents to Plaintiff's prior counsel.

**ANSWER:    Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint.**

18

88.     Plaintiff subsequently received no correspondence from any of the Defendants, nor any meaningful information from the CFPB regarding his November 8, 2013 complaint, for approximately two years.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint.**

89.     In February, 2017, Plaintiff escalated the matter to the offices of Senators Dick Durbin and Tammy Duckworth.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.**

90.     Plaintiff received prompt responses from both Senators' offices stating that they had forwarded his requests for escalation to the CFPB.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint.**

91.     On or about April 8, 2017, over three years' after he filed a complaint, Plaintiff received a letter dated March 29, 2017 from the CFPB with ACS' "Response" attached.  See *March 29, 2017 CFPB Correspondence*, attached hereto as Exhibit H.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint.**

92.     ACS' CFPB Response claims that Plaintiff's student loan account became past due in March 2012, that past due notices were sent, and collection attempts were made, but no supporting documentation was attached or provided.  *Id.*

**ANSWER:     Conduent admits that the "CFPB Transcript Consumer Complaint Response," attached as Exhibit H of the Amended Complaint states that "Plaintiff's student loan account became due in March 2012, that past due notices were sent, and collection attempts were made" to Plaintiff, as alleged in paragraph 92 of the Amended Complaint.  Conduent denies the remaining allegations contained in paragraph 92 of the Amended Complaint.**

19

93.     Further, ACS' Response states that "[i]f [Plaintiff] is able to provide proof that his loans were rehabilitated he should forward this information to us." *Id.*

**ANSWER:     Conduent admits that the "CFPB Transcript Consumer Complaint Response" attached as Exhibit H of the Amended Complaint states that "[i]f [Plaintiff] is able to provide proof that his loans were rehabilitated he should forward this information to us."  Conduent denies the remaining allegations contained in paragraph 93 of the Amended Complaint.**

94.     However, any documentary evidence, including transcripts of phone conversations, relating to Plaintiff's forbearance is in Defendants' exclusive possession and control.

**ANSWER:     Conduent denies the allegations as to Conduent contained in paragraph 94 of the Amended Complaint.  Conduent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94 of the Amended Complaint.**

95.     Two days later, on or about April 10, 2017, Plaintiff received a letter from F.H. Cann attempting to collect the subject student loan account.  See *April 4, 2017 F.H. Cann Correspondence*, attached hereto as Exhibit I.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.**

96.     On April 27, 2017, Plaintiff sent a letter to F.H. Cann disputing the stated amount owed.  See *April 27, 2017 Plaintiff Correspondence*, attached hereto as Exhibit J.

**ANSWER:     Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint.**

97.     In response, on or about June 1, 2017, F.H. Cann sent Plaintiff another letter that simply reiterated that the subject student loan account is in default, without providing any supporting documentation for the amount allegedly owed.  See *June 1, 2017 F.H. Cann Correspondence*, attached hereto as Exhibit K.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint.**

98.     Thus, F.H. Cann failed to provide a validation of the debt to Plaintiff.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint.**

99.     In addition, F.H. Cann's June 1, 2017 letter states, in relevant part:

American Student Assistance has entered into an agreement with the U.S. Department of Education to participate in the federal loan rehabilitation program. Under the program, borrowers who make 9 qualifying payments over a 10 month period can have their defaulted loans rehabilitated and enjoy benefits including:
* **Deletion of default status to the major credit reporting bureaus**
*Avoidance of involuntary wage garnishment
* Removal from the Treasury Offset Program
* Return to standard loan servicing (no more collection agencies)

Ex. K (**emphasis supplied**).

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint.**

100.     The ED contracts with Private Collection Agencies ("PCAs") in effort to collect on defaulted student loans.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint.**

101.     Defendant F.H. Cann is one such PCA that has a contract with the ED. See *F.H. Cann Contract*, attached hereto as Exhibit L.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Amended Complaint.**

102.     The ED provides guidelines, policies, and procedures to PCAs in their student loan debt collection efforts in the form of a PCA Procedures Manual. See *PCA Procedures Manual: 2009 ED Collections Contract* cover page and excerpt, attached hereto as Exhibit M.

21

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 102 of the Amended Complaint.**

103.    The PCA Manual incorporates related law and regulations: "[t]he guaranty agencies, lenders or subsequent note holders will adhere to the due diligence requirements in making, disbursing, servicing and collecting loans as outlined in the applicable regulations, 34 CFR 682.206-208; 34 CFR 682.411; and 34CFR 682.507;" the PCA Manual also states that "[t]he FDCPA does, however, apply to the PCAs ED retains to perform collection services on student loans."

**ANSWER:** **Conduent does not provide a response to the allegations contained in**

**paragraph 103 of the Amended Complaint because the allegations call for a legal**

**conclusion, and therefore no answer is required.  To the extent a response is required,**

**Conduent lacks knowledge or information sufficient to form a belief as to the truth of the**

**allegations contained in paragraph 103 of the Amended Complaint.**

104.    The PCA Manual also states, in relevant part:

> **Collectors must not state or imply to borrowers that the default information reported by the original lender (e.g., the bank that made the FFEL) or by the guaranty agency or Department will be deleted or expunged before the applicable 7-year period has run.**

*Id.*

**ANSWER:** **Conduent does not provide a response to the allegations contained in**

**paragraph 104 of the Amended Complaint because the allegations call for a legal**

**conclusion, and therefore no answer is required.  To the extent a response is required,**

**Conduent lacks knowledge or information sufficient to form a belief as to the truth of the**

**allegations contained in paragraph 104 of the Amended Complaint.**

105.    As set forth *supra*, in its June 1, 2017 letter, F.H. Cann stated that Plaintiff could enjoy "deletion of default status to the major credit reporting bureaus," in direct contravention of the ED's PCA Procedures Manual.

22

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 105 of the Amended Complaint.**

## PLAINTIFF'S TREASURY OFFSET

106. On or about June 9, 2017, the Department of the Treasury sent a letter to Plaintiff stating that it had seized Plaintiff's federal income tax refund, totaling $2,223.71, and applied it to his student loan account owned by ASA. See *TOP Correspondence,* attached hereto as Group Exhibit N.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 106 of the Amended Complaint.**

107. Subsequently, on September 21, 2017, the Internal Revenue Service ("IRS") sent a letter to Plaintiff stating that it had sent Plaintiff a refund check for $2,223.71 in error, as it had misapplied another taxpayer's statement to his account, and demanding the money back. *Id*.

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 107 of the Amended Complaint.**

108. Since the filing of the original complaint in this matter, the IRS subsequently rescinded the demand in a letter dated October 16, 2017. *Id.*

**ANSWER:** **Conduent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 108 of the Amended Complaint.**

109. Thus, on information and belief, one or more of the Defendants wrongfully referred Plaintiff's loan for a TOP, causing him distress, inconvenience, and fear of an unmerited prosecution by the IRS.

**ANSWER:** **Conduent denies the allegations as to Conduent contained in**

**paragraph 109 of the Amended Complaint. Conduent lacks knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations contained in paragraph**

**109 of the Amended Complaint.**

## THE HIGHER EDUCATION ACT AND ITS IMPLEMENTING REGULATIONS

110.    The Higher Education Act ("HEA") was enacted in 1965 and was intended "to strengthen the educational resources of our colleges and universities and to provide financial assistance for students in postsecondary and higher education."

**ANSWER:    Conduent does not provide a response to the allegations contained in paragraph 110 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint.**

111.    The HEA initiated the Federal Family Education Loan Program ("FFELP"), which was the second largest of the federal higher education loan programs.

**ANSWER:    Conduent does not provide a response to the allegations contained in paragraph 111 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 111 of the Amended Complaint.**

112.    On April 24, 2009, President Obama called for an end to FFELP, calling it a wasteful and inefficient system.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 112 of the Amended Complaint.**

113.    On or about January 5, 2010, FFELP was eliminated and no subsequent loans were permitted to be made under the program after June 30, 2010.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 113 of the Amended Complaint.

114. However, lenders/servicers continue to service approximately $253 billion in outstanding FFELP loans.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 114 of the Amended Complaint.

115. As part of servicing FFELP loans like Plaintiff's, lenders/servicers are required to follow certain servicing regulations and guidelines.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 115 of the Amended Complaint.

116. As set forth below, Defendants violated several regulations in the servicing of Plaintiff's FFELP loan.

**ANSWER:** Conduent denies the allegations, as to Conduent, contained in paragraph 116 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 116 of the Amended Complaint.

**THE DEFENDANTS FAILED TO DOCUMENT AND RECORD PLAINTIFF'S FORBEARANCE**

117. As set forth *supra*, in or about December, 2011, Access Group told Plaintiff over the telephone that he was being granted a forbearance.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 117 of the Amended Complaint.**

118.    Also, at that time, Plaintiff advised Access Group of his new address, specifically asking the representative to repeat it over the phone.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 118 of the Amended Complaint.**

119.    Pursuant to 34 CFR § 682.211(b)(1), a lender may grant forbearance if:

> (1) The lender and the borrower or endorser agree to the terms of the forbearance and, unless the agreement was in writing, <u>the lender sends, within 30 days, a notice to the borrower or endorser confirming the terms of the forbearance and records the terms of the forbearance in the borrower's file.</u>

<u>Emphasis supplied</u>.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 119 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits that Plaintiff accurately recites 34 CFR § 682.211(b)(1).**

120.    Because the agreement was not in writing, the servicer was obligated to send notice to Plaintiff and record the terms of the forbearance in Plaintiff's file.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 120 of the Amended Complaint.**

121.    The servicer, whether Defendant Access Group or Defendant ACS, failed to send notice to Plaintiff.

26

**ANSWER:** Conduent denies the allegations as to Conduent and ACS contained in paragraph 121 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth remaining of the allegations contained in paragraph 121 of the Amended Complaint.

122. Also, on information and belief, the servicer failed to record the terms of the forbearance in Plaintiff's file.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 122 of the Amended Complaint.

123. Having failed to properly document the forbearance and terms thereof, the servicer, either Access Group or ACS, continued to improperly service Plaintiff's student loan.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 123 of the Amended Complaint.

**DEFENDANTS FAILED TO SEND REQUIRED NOTICES DURING FORBEARANCE**

124. When a loan is placed in forbearance, as Plaintiff's was in or about December 2011, the servicer must contact the borrower every 180 days. 34 CFR 682.211(e).

**ANSWER:** Conduent does not provide a response to the allegations contained in paragraph 124 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 124 of the Amended Complaint.

125. The servicer(s) in this case, however, failed to contact Plaintiff for 23 months.

**ANSWER:** **Conduent denies the allegations as to Conduent and ACS contained in paragraph 125 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 125 of the Amended Complaint.**

126.    When a loan is in forbearance, the notice required under 34 CFR 682.211(e) must contain the following information:

> (i) The outstanding obligation to repay;
>
> (ii) The amount of the unpaid principal balance and any unpaid interest that has accrued on the loan since the last notice provided to the borrower or endorser under this paragraph;
>
> (iii) The fact that interest will accrue on the loan for the full term of the forbearance;
>
> (iv) The amount of interest that will be capitalized, as of the date of the notice, and the date capitalization will occur;
>
> (v) The option of the borrower or endorser to pay the interest that has accrued before the interest is capitalized; and
>
> (vi) The borrower's or endorser's option to discontinue the forbearance at any time.

34 CFR § 682.211(e)(i)-(vi).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 126 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies the allegations contained in paragraph 126 of the Amended Complaint.**

127.    The loan servicer(s), whether Access Group and/or ACS, failed to send the information required every 180 days during a forbearance for a period between December 2011 and November 8, 2013, thus violating the law at least three times during that period.

**ANSWER:** Conduent denies the allegations as to Conduent and ACS contained in paragraph 127 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint.

## DEFENDANTS FAILED TO EXERCISE "DUE DILIGENCE" PRIOR TO DECLARING DEFAULT

128. According to ACS, in or about March 2012, Defendant ACS (wrongfully) declared Plaintiff's loan "delinquent."

**ANSWER:** Conduent denies the allegations contained in paragraph 128 of the Amended Complaint.

129. In cases of delinquency, the servicer's actions are prescribed by 34 CFR § 682.411, which requires "due diligence."

**ANSWER:** Conduent does not provide a response to the allegations contained in paragraph 129 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies the allegation contained in paragraph 129 of the Amended Complaint.

130. ACS failed to exercise due diligence in servicing Plaintiff's loan.

**ANSWER:** Conduent denies the allegations contained in paragraph 130 of the Amended Complaint.

131. ACS failed to send at least one written notice during the first 15 days of the "delinquency," in violation of 34 CFR § 682.411(c).

**ANSWER:** Conduent denies the allegations contained in paragraph 131 of the Amended Complaint.

132. During the 16-180 days of the "delinquency," ACS failed to make four diligent efforts to contact Plaintiff by phone and send four letters to Plaintiff at the address Plaintiff

29

provided during his conversation with Access Group in or about December 2011, and available on Plaintiff's credit report, in violation of 34 CFR § 682.411(d).

> **ANSWER:** **Conduent denies the allegations contained in paragraph 132 of the Amended Complaint.**

133. Additionally, during the 16-180 period, ACS failed to advise Plaintiff that the loan would be assigned to the guaranty agency and the delinquency reported to the Consumer Reporting Agencies, constituting a separate violation of 34 CFR § 682.411(d).

> **ANSWER:** **Conduent denies the allegations contained in paragraph 133 of the Amended Complaint.**

134. During the 181-270 days of the "delinquency," ACS failed to engage in efforts to urge Plaintiff to make the required payments on the loan, including providing information to the borrower regarding options to avoid default and the consequences of defaulting on the loan, in violation of 34 CFR § 682.411(e).

> **ANSWER:** **Conduent denies the allegations contained in paragraph 134 of the Amended Complaint.**

135. In fact, the servicer made no efforts to contact Plaintiff whatsoever during the 23-month period of the putative "delinquency," which it wrongfully fabricated against Plaintiff, after Access Group told Plaintiff he was being placed in forbearance for up to three years.

> **ANSWER:** **Conduent denies the allegations contained in paragraph 135 of the Amended Complaint.**

136. Lastly, prior to a delinquent student loan being placed in default, 34 CFR § 682.411(f) requires a "final demand" letter to be sent:

> On or after the 241st day of delinquency (the 301st day for loans payable in less frequent installments than monthly) the lender must send a final demand letter to the borrower requiring repayment of the loan in full and notifying the borrower that a default will be reported to each nationwide consumer reporting agency. The lender must allow the borrower at least 30 days after the date the letter is mailed to respond to the final demand letter and to bring the loan out of default before filing a default claim on the loan.

34 CFR § 682.411(f).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 136 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits Plaintiff accurately recites 34 CFR § 682.411(f).**

137.    On information and belief, which Plaintiff verily believes, ACS did not send the "final demand" letter required under law prior to declaring him in default.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 137 of the Amended Complaint.**

138.    The foregoing is based on ACS' description of when the loan was declared delinquent and in default, as well as Plaintiff's credit reports, but the identity of the servicer of Plaintiff's loan at any given point in time is in the sole possession of the Defendants.

**ANSWER:** **Conduent denies the allegation "The foregoing is based on ACS' description of when the loan was declared delinquent and in default." Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 138 of the Amended Complaint.**

## DEFENDANTS FAILED TO INFORM BORROWER OF TRANSFERS OF SERVICING AND OWNERSHIP

139.    While Access Group's transfer to ACS for servicing was initiated December 23, 2011 (Ex. A), Plaintiff's alleged "default" and payment of the guaranty occurred on or about March 26, 2013, according to ACS (Ex. D).

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 139 of the Amended Complaint.**

140.    In addition to never being informed of the transfer of the servicing rights to the loan from Access Group to ACS, however, Plaintiff was also never informed of the transfer of the ownership from Access Group to ASA.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 140 of the Amended Complaint.**

141.    A servicer of a guaranty agency loan has due diligence obligations upon transfer of a covered student loan; however, in this case, Defendants recklessly ignored the requirements they agreed to observe.

**ANSWER:    Conduent denies the allegations, as to Conduent, contained in paragraph 141 of the Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 141 of the Amended Complaint.**

142.    If the assignment or transfer of ownership interest of a Stafford, PLUS, SLS, or Consolidation loan is to result in a change in the identity of the party to whom the borrower must send subsequent payments, the law requires that the assignor (here, Access Group) and assignee (here, ASA) shall, no later than 45 days from the date the assignee acquires a legally enforceable right to receive payment from the borrower on the assigned loan, provide, either jointly or separately, a notice to the borrower with certain enumerated information. 34 CFR § 682.208(e).

**ANSWER:    Conduent does not provide a response to the allegations contained in paragraph 142 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent denies the allegations contained in paragraph 142 of the Amended Complaint.**

143.    Specifically, the notice of transfer must inform the borrower of:

(i) The assignment;

(ii) The identity of the assignee;

(iii) The name and address of the party to whom subsequent payments or communications must be sent;

(iv) The telephone numbers of both the assignor and the assignee;

(v) The effective date of the assignment or transfer of the loan;

(vi) The date, if applicable, on which the current loan servicer will stop accepting payments;

(vii) The date on which the new loan servicer will begin accepting payments.

34 CFR § 682.208(e)(1)(i)-(vii).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 143 of the Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies in paragraph 143 of the Amended Complaint.**

144. If the assignor and assignee separately provide the notice required by paragraph (e)(1) of this section, each notice must indicate that a corresponding notice will be sent by the other party to the assignment.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 144 of the Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

145. Neither Access Group, nor ACS, nor ASA ever provided the notice as required by 34 CFR § 682.208(e).

**ANSWER:** **Conduent denies the allegations as to Conduent contained in paragraph 145 of the Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 145 of the Amended Complaint.**

146. Even if a student loan has not been assigned, but nevertheless there is a change in the identity of the party to whom the borrower must send subsequent payments or direct any communications concerning the loan, the holder of the loan shall, no later than 45 days after the date of the change, provide notice to the borrower of the name, telephone number, and address of the party to whom subsequent payments or communications must be sent. 34 CFR § 682.208(h).

33

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 146 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies in paragraph 146 of the Amended Complaint.**

147.    Neither Access Group, nor ACS, nor ASA ever provided the notice of servicing change required under 34 CFR § 682.208(h).

**ANSWER:** **Conduent denies the allegations as to Conduent contained in paragraph 147 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 147 of the Amended Complaint.**

## DEFENDANTS REPEATEDLY VIOLATED THE 45-DAY RULE

148.    34 CFR 682.411(b)(2) provides, in relevant part:

> At no point during the periods specified in paragraphs (c), (d), and (e) of this section may the lender permit the occurrence of a gap in collection activity, as defined in paragraph (j) of this section, of more than 45 days (60 days in the case of a transfer).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 148 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits Plaintiff accurately recites 34 CFR § 411(b)(2).**

149.    Accordingly, Paragraph (j) defines a gap in collection activity as:

> (1) Beginning on the date that is the day after –
>
> > (i) The due date of a payment unless the lender does not know the borrower's address on that date;

(ii) The day on which the lender receives a payment on a loan that remains delinquent notwithstanding the payment;

(iii) The day on which the lender receives the correct address for a delinquent borrower;

(iv) The day on which the lender completes a collection activity;

(v) The day on which the lender receives a dishonored check submitted as a payment on the loan;

(vi) The expiration of an authorized deferment or forbearance period on a delinquent loan; or

(vii) The day the lender receives information indicating it does not know the borrower's current address.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 149 of the Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 149 of the Amended Complaint.**

150.    The Defendants Access Group, ACS, and ASA permitted a gap in collection activity to occur in Plaintiff's student loan.

**ANSWER:** **Conduent denies the allegations as to Conduent contained in paragraph 150 of the Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 150 of the Amended Complaint.**

151.    Access Group, ACS, and ASA, jointly and severally, violated the 45-day rule (60 days during the transfer period), because they ceased collection activity and did not practice due diligence in corresponding with Plaintiff.

**ANSWER:** **Conduent denies the allegations as to Conduent and ACS contained in paragraph 151 of the Amended Complaint. Conduent is without sufficient knowledge or**

information to form a belief as to the truth of the remaining allegations contained in

paragraph 151 of the Amended Complaint.

152.    On each occasion speaking with any of the Defendants or their agents, Plaintiff

provided true and correct information as to his address and phone number.

**ANSWER:    Conduent is without sufficient knowledge or information to form a**

**belief as to the truth of the allegations contained in paragraph 152 of the Amended**

**Complaint.**

153.    In fact, Plaintiff's phone number and address stayed the same during the entire

period in question, and to this day.

**ANSWER:    Conduent is without sufficient knowledge or information to form a**

**belief as to the truth of the allegations contained in paragraph 153 of the Amended**

**Complaint.**

## Violation of the Skip-Tracing Rule

## DEFENDANTS VIOLATED THE SKIP-TRACING RULE

154.    34 CFR 682.411(h) reads in relevant part:

**Skip-tracing.**

(1) Unless the [Final Demand] letter specified under paragraph (f) of this section
has already been sent, within 10 days of its receipt of information indicating that
it does not know the borrower's current address, the lender must begin to
diligently attempt to locate the borrower through the use of effective commercial
skip-tracing techniques. These efforts must include, but are not limited to, sending
a letter to or making a diligent effort to contact each endorser, relative, reference,
individual, and entity, identified in the borrower's loan file, including the
schoolsthe student attended. For this purpose, a lender's contact with a school
official who might reasonably be expected to know the borrower's address may be
with someone other than the financial aid administrator, and may be in writing or
by phone calls. These efforts must be completed by the date of default with no
gap of more than 45 days between attempts to contact those individuals or
entities.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 154 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits Plaintiff accurately recites 34 CFR § 411(h).**

155. On information and belief, which Plaintiff verily believes, the Defendants never sent the letter required under paragraph (f) (the "Final Demand Letter"), and therefore were required to use commercial skip-tracing techniques to locate Plaintiff.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 155 of the Amended Complaint.**

156. On information and belief, no Defendant ever utilized a commercial skip-tracing technique to locate Plaintiff.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 156 of the Amended Complaint.**

## COUNT I – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS § 505/1, *et seq.*

### *As to all Defendants*

157. Plaintiff restates and re-alleges paragraphs 1-156, as if fully set forth herein.

**ANSWER:** **Conduent restates its answers for paragraphs 1-156 as paragraph 157 of the Amended Complaint.**

158. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") forbids unfair or deceptive conduct in the course of commerce, and states in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of

any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

815 ILCS 505/2.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 158 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent admits Plaintiff accurately recites 815 ILCS 505/2.**

159.    Plaintiff is a consumer.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 159 of the Amended Complaint.**

160.    Defendants' acts and omissions occurred in the course of trade and commerce.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 160 of the Amended Complaint.**

161.    The terms "unfair" and "deceptive," as used in the ICFA, are disjunctive, not conjunctive; in other words, a practice may violate the prohibition against unfairness while not violating the prohibition against deception, and vice-versa.

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 161 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

38

*UNFAIR CONDUCT*

162.     In determining whether a given course of conduct or act is unfair under the ICFA, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 162 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

163.     The published statement of factors considered by the Federal Trade Commission in measuring unfairness are: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers.  See also *Robinson v. Toyota Motor Credit*, 201 Ill. 2d 403, 417-418, 775 N.E.2d 951, 961 (2002).

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 163 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

164.     Courts may find unfairness even if the claim does not satisfy all three criteria.  *Id.*

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 164 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

165.     For example, a "practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."  *Id.*

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 165 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

166.     A court addressing an ICFA Unfairness claim must consider whether the challenged practice, "offends public policy as established by statutes, the common law or otherwise, or, in other words, whether it is at least within the penumbra of some established concept of unfairness."  *Boyd v. U.S. Bank, N.A.*, No. 10 C 3367, 787 F. Supp. 2d 747, 752 (N.D.

Ill. Apr. 12, 2011) (citing *Ekl v. Knecht*, 585 N.E.2d 156, 163 (2nd Dist. 1991).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 166 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

167.    Here, Defendants' unfair conduct includes, *inter alia*:

a.    All Defendants failed to honor the agreed-upon forbearance;

b.    Access Group and/or ACS failed to document the agreed-upon forbearance, in violation of 34 CFR § 682.211(b)(1);

c.    Access Group and/or ACS failed to record the terms of the agreed-upon forbearance in Plaintiff's file, in violation of 34 CFR § 682.211(b)(1);

d.    Access Group and/or ACS failed to send required notices during forbearance, in violation of 34 CFR 682.211(e);

e.    Access Group and ACS failed to exercise "due diligence" in the servicing of Plaintiff's student loan, in violation of 34 CFR § 682.411;

f.    Access Group, ACS, and ASA failed to notify Plaintiff of transfer(s) of servicing and ownership of the subject student loan, in violation of 34 CFR § 682.208;

g.    Access Group, ACS, and ASA permitted a gap in collection activity, in violation of 34 CFR § 682.411;

h.    Access Group, ACS, and ASA failed to contact Plaintiff at all in approximately 23 months, despite Defendants having Plaintiff's current mailing address and telephone number at all relevant times;

i.    ACS declared a wrongful default as to Plaintiff's student loan account;

j.    All Defendants added and attempted to collect wrongful late fees, collection fees, and interest on Plaintiff's student loan account;

k.    ACS, ASA, and Delta Management failed or refused to provide a reasonable resolution in response to Plaintiff's attempts, both directly and through the CFPB;

l.    Delta Management directed Plaintiff to correspond with ASA and ASA directed Plaintiff to Delta Management, in avoidance of providing answers or a resolution;

m.    F.H. Cann, in its June 1, 2017 letter, stated that Plaintiff could "enjoy...deletion of default status to the major credit reporting bureaus," in direct contravention of the provisions of the PCA Manual.

**ANSWER:**

a.   Conduent denies the allegations as to Conduent contained in paragraph 167 (a) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 167 (a) of the Amended Complaint.

b.   Conduent does not provide a response to the allegations contained in paragraph 167 (b) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

c.   Conduent does not provide a response to the allegations contained in paragraph 167 (c) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

d.   Conduent does not provide a response to the allegations contained in paragraph 167 (d) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

e.   Conduent does not provide a response to the allegations contained in paragraph 167 (e) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

f.   Conduent does not provide a response to the allegations contained in paragraph 167 (f) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

g.   Conduent does not provide a response to the allegations contained in paragraph 167 (g) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

h.      Conduent denies the allegations as to Conduent and ACS contained in paragraph 167 (h) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 167 (h) of the Amended Complaint.

i.      Conduent denies the allegations as to Conduent and ACS contained in paragraph 167 (i) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 167 (i) of the Amended Complaint.

j.      Conduent denies the allegations as to Conduent contained in paragraph 167 (j) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 167 (j) of the Amended Complaint.

k.      Conduent denies the allegations as to Conduent and ACS contained in paragraph 167 (k) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 167 (k) of the Amended Complaint.

l.      Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 167 (l) of the Amended Complaint.

**m.      Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 167 (m) of the Amended Complaint.**

168.      The foregoing conduct offends public policy, as enumerated by the Code of Federal Regulations and the common law.

**<u>ANSWER:</u>      Conduent denies the allegations contained in paragraph 168 of the Amended Complaint.**

169.      The foregoing conduct is immoral, unethical, oppressive, and unscrupulous, in that it was done in attempt to profit from Plaintiff's student loan account.

**<u>ANSWER:</u>      Conduent denies the allegations contained in paragraph 169 of the Amended Complaint.**

170.      The foregoing conduct caused substantial injury to Plaintiff, and would cause substantial injury to any consumer, as it has resulted in pecuniary damages, as well as lost opportunities, annoyance, anxiety, aggravation, and negative credit reporting.

**<u>ANSWER:</u>      Conduent denies the allegations contained in paragraph 170 of the Amended Complaint.**

171.      Therefore, Plaintiff's claims satisfy all three criteria for unfair conduct, taken individually.

**<u>ANSWER:</u>      Conduent denies the allegations contained in paragraph 171 of the Amended Complaint.**

172.      In the alternative, Plaintiff's claims are unfair in the aggregate, because of the extent to which they meet any one of the unfairness criteria or because, to lesser extents, they meet all three.

**<u>ANSWER:</u>      Conduent denies the allegations contained in paragraph 172 of the Amended Complaint.**

## *DECEPTIVE CONDUCT*

173.     The elements of a Deceptive claim under the ICFA are: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce.

**ANSWER:     Conduent does not provide a response to the allegations contained in paragraph 173 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

174.     Here, Defendants' deceptive conduct includes, *inter alia*:

a.      Access Group stated that Plaintiff's forbearance request was approved, yet subsequently failed to honor, record, and/or document the agreed-upon forbearance;

b.      ASA stated that Plaintiff "had to be tracked down," despite all Defendants having Plaintiff's current mailing address and telephone number at all relevant times;

c.      Delta Management, ASA's collector, stated that ASA sent letters to Plaintiff, in contradiction to the statement that Plaintiff "had to be tracked down;"

d.      Delta Management stated that attempts were made to call Plaintiff and that his "voicemail wasn't set up," when Plaintiff's voicemail was working at all relevant times;

e.      ASA and Delta Management tried to collect the loan, claiming ownership of the loan and a specified amount due, while simultaneously stating that ACS never provided any paperwork related to the servicing and ownership of the subject loan to ASA or Delta Management;

f.      ACS stated that past due notices were sent and collection attempts were made, without any supporting documentation, despite no notices or attempts being made;

g.      ACS stated to the CFPB that, "if Plaintiff is able to provide proof that his loans were rehabilitated he should forward this information to us," when, on information and belief, all relevant information was in Defendants' possession and control.

**ANSWER:**

**a.      Conduent denies the allegations as to Conduent contained in paragraph 174**

**(a) of the Amended Complaint.  Conduent is without sufficient knowledge or**

information to form a belief as to the truth of the remaining allegations contained in paragraph 174 (a) of the Amended Complaint.

b. Conduent does not provide a response to the allegations contained in paragraph 174 (b) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

c. Conduent does not provide a response to the allegations contained in paragraph 174 (c) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

d. Conduent does not provide a response to the allegations contained in paragraph 174 (d) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

e. Conduent does not provide a response to the allegations contained in paragraph 174 (e) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

f. Conduent does not provide a response to the allegations contained in paragraph 174 (f) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

g. Conduent does not provide a response to the allegations contained in paragraph 174 (g) of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.

h. Conduent denies the allegations as to Conduent and ACS contained in paragraph 174 (h) of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the

45

remaining allegations contained in paragraph 167 (h) of the Amended Complaint.

i. Conduent denies the allegations as to Conduent and ACS contained in paragraph 174 (i) of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 174 (i) of the Amended Complaint.

j. Conduent denies the allegations as to Conduent contained in paragraph 174 (j) of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 174 (j) of the Amended Complaint.

k. Conduent denies the allegations as to Conduent and ACS contained in paragraph 174 (k) of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 174 (k) of the Amended Complaint.

l. Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 174 (l) of the Amended Complaint.

m. Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 174 (m) of the Amended Complaint.

175. Defendants intended that Plaintiff rely on said representations.

46

**ANSWER:** Conduent denies the allegations, as to Conduent, contained in paragraph 175 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 175 of the Amended Complaint.

176. Plaintiff indeed relied on the representation that his loan was in forbearance and stopped making payments.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 176 of the Amended Complaint.

177. Defendants deceived Plaintiff and continue to attempt to collect an inflated student loan debt.

**ANSWER:** Conduent denies the allegations as to Conduent contained in paragraph 177 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 177 of the Amended Complaint.

178. At all relevant times, Defendants knew that their acts and omissions were in contravention of the Code of Federal Regulations' provisions governing the servicing of guaranty agency loans.

**ANSWER:** Conduent does not provide a response to the allegations contained in paragraph 178 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required, Conduent denies the allegations as to Conduent contained in paragraph 178 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 178 of the Amended Complaint.

179.     At all relevant times, Defendants knew that their practices were non-compliant with the requirements of the provisions of 34 CFR 682.401 - Basic program agreement, which states at (b)(10)(i):

> (i) The guaranty agency shall establish, disseminate to concerned parties, and enforce standards and procedures for -
>
> ***
>
> (E) The exercise of due diligence by lenders in making, servicing, and collecting loans;

**ANSWER:**     **Conduent does not provide a response to the allegations contained in paragraph 179 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent a response is required, Conduent denies the allegations as to Conduent contained in paragraph 179 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 179 of the Amended Complaint.**

180.     The deception occurred in the course of trade and commerce.

**ANSWER:**     **Conduent denies the allegations contained in paragraph 180 of the Amended Complaint.**

181.     Defendants' conduct directly caused substantial injury to Plaintiff, as it has resulted in pecuniary damages, as well as lost opportunities, annoyance, anxiety, aggravation, and negative credit reporting.

**ANSWER:**     **Conduent denies the allegations, as to Conduent, contained in paragraph 181 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 181 of the Amended Complaint.**

48

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, and award:

a)     Actual damages;
b)     Punitive damages;
c)     Reasonable attorneys' fees and costs; and
d)     Any and all additional relief this Court deems reasonable and just.

**ANSWER:     Conduent denies Plaintiff is entitled to any relief sought in Count I of the Amended Complaint.**

## COUNT II - VIOLATIONS OF THE FEDERAL DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

### *As to Defendants ASA, Delta Management, and F.H. Cann*

**Conduent provides no answer to Count II of the Amended Complaint as it is not directed to Conduent.**

## COUNT III - BREACH OF CONTRACT

### *As to Defendants Access Group and ACS*

191.     Plaintiff reasserts and realleges paragraphs 1-156, as if fully set forth herein.

**ANSWER:     Conduent restates its answers for paragraphs 1-156 as paragraph 191 of the Amended Complaint.**

192.     This Count lies against both Access Group and ACS, because it is remains unknown which company failed to honor Plaintiff's agreed upon forbearance and such information is, on information and belief, in Defendants' sole possession and control.

**ANSWER:     Conduent denies the allegations as to Conduent and ACS contained in paragraph 192 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 192 of the Amended Complaint.**

193.    Plaintiff requested a forbearance of the subject student loan.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 193 of the Amended Complaint.**

194.    Defendant Access Group offered Plaintiff a forbearance for up to three years, with an interest rate that continued to accrue at 2.5%.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 194 of the Amended Complaint.**

195.    Plaintiff accepted the terms of the forbearance.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 195 of the Amended Complaint.**

196.    Thus, a contract was formed between Plaintiff and Access Group.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 196 of the Amended Complaint.**

197.    Plaintiff gave consideration for the contract by foregoing other alternatives to paying his student loan debt and ceasing his payments.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 197 of the Amended Complaint.**

198.    Access Group breached the contract with Plaintiff by declaring the subject student loan to be in default.

**ANSWER:** Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 198 of the Amended Complaint.

199. In the alternative, ACS breached the contract with Plaintiff by declaring the subject student loan to be in default.

**ANSWER:** Conduent denies the allegations contained in paragraph 199 of the Amended Complaint.

200. As an actual and proximate result of the breach of contract, Plaintiff was damaged, in that, *inter alia*: (1) he lost other opportunities to pay down his student loan debt; (2) interest has accrued for almost six years, despite his efforts to pay the "legitimate" amount of the debt; (3) he has experienced negative reporting on his credit reports; (4) he was forced to retain counsel to attempt to resolve this matter; and (5) he has suffered emotional distress, anxiety, and aggravation.

**ANSWER:** Conduent does not provide a response to the allegations contained in paragraph 200 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent a response is required Conduent denies the allegations contained in paragraph 200 of the Amended Complaint.

WHEREFORE, Plaintiff respectfully prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants Access Group and ACS, and to award:

a) Actual damages;
b) Costs of this action; and
c) Any and all additional relief this Court deems reasonable and just.

**ANSWER:** Conduent denies Plaintiff is entitled to any relief sought in Count III of the Amended Complaint.

## COUNT IV - PROMISSORY ESTOPPEL

### *As to Defendants Access Group and ACS*

201. Plaintiff reasserts paragraphs 1-156, as if fully set forth herein.

51

**ANSWER:** **Conduent restates its answers for paragraphs 1-156 as paragraph 201 of the Amended Complaint.**

202.    This Count lies against both Access Group and ACS, because it is remains unknown which company failed to honor Plaintiff's agreed upon forbearance and such information is, on information and belief, in Defendants' possession and control.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 202 of the Amended Complaint.**

203.    Under Illinois law, promissory estoppel is an offensive, equitable cause of action. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 524, 528 (Ill. 2009).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 203 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

204.    To establish a claim of promissory estoppel, the plaintiff must prove that (1) the defendant made an unambiguous promise to the plaintiff; (2) the plaintiff relied on such promise; (3) the plaintiff's reliance was expected and foreseeable by the defendant; and (4) the plaintiff relied on the promise to her detriment. *Newton Tractor Sales,* 906 N.E.2d at 523-24 (citing *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill.2d 281, 309-10, 565 N.E.2d 990 (Il. 1990)).

**ANSWER:** **Conduent does not provide a response to the allegations contained in paragraph 204 of the Amended Complaint because the allegations call for a legal conclusion, and therefore no answer is required.**

205.    Access Group unambiguously promised to Plaintiff that he was granted a forbearance of up to three years, with an interest rate that continued to accrue at 2.5%.

**ANSWER:** **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 205 of the Amended Complaint.**

52

206.    Access Group's promise was intended to induce Plaintiff to rely on it and to, *inter alia*, cease making payments.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 206 of the Amended Complaint.**

207.    Plaintiff indeed relied on Access Group's promise by foregoing other options to pay his debt and by ceasing payments.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 207 of the Amended Complaint.**

208.    Plaintiff's reliance was reasonable.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 208 of the Amended Complaint.**

209.    Plaintiff's reliance was to his detriment, because Defendants failed to honor the agreed upon forbearance and wrongfully declared the subject student loan to be in default, resulting in, *inter alia*: (1) lost opportunities to pay the debt; (2) wrongful late fees, collection fees, and interest; (3) negative credit reporting; and (4) emotional distress, anxiety, and aggravation.

**ANSWER:    Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 209 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to enter judgment in favor of Plaintiff and against Defendants Access Group and ACS, and to award:

a)    Specific performance of the terms of the agreed upon forbearance;
b)    Monetary damages to be proven at trial; and
c)    Any and all additional relief this Court deems reasonable and just.

**ANSWER:** Conduent denies Plaintiff is entitled to any relief sought in Count IV of the Amended Complaint.

## COUNT V - FRAUDULENT MISREPRESENTATIONS

### *As to Defendants Access Group, ACS, ASA, and Delta Management*

210.   Plaintiff reasserts and realleges paragraphs 1-156, as if fully set forth herein.

**ANSWER:** Conduent restates its answers for paragraphs 1-156 as paragraph 210 of the Amended Complaint.

211.   Defendants owed, and owe, a duty to Plaintiff to provide true and accurate information regarding his student loan account.

**ANSWER:** Conduent denies the allegations, as to Conduent, contained in paragraph 211 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 211 of the Amended Complaint.

212.   As set forth *supra*, Defendants made numerous false statements of material fact to Plaintiff.

**ANSWER:** Conduent denies the allegations, as to Conduent, contained in paragraph 212 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 212 of the Amended Complaint.

213.   The misrepresentations include, *inter alia*:

a.    Access Group stated that Plaintiff's forbearance request was approved, yet subsequently failed to honor, record, and/or document the agreed upon forbearance;

b.    ASA stated Plaintiff "had to be tracked down," despite Defendants having Plaintiff's current mailing address and telephone number at all relevant times, both provided by Plaintiff as well as available in Plaintiff's credit reports;

c.    ACS stated that letters were sent to Plaintiff, in contradiction to the

statement that Plaintiff "had to be tracked down";

d.      Delta Management stated that attempts were made to call Plaintiff and that his "voicemail wasn't set up," when Plaintiff's voicemail was working at all relevant times;

e.      ASA and Delta Management claimed ownership and a specific amount due, while also stating that ACS never provided any paperwork related to the servicing and ownership of the subject loan to ASA or Delta Management;

f.      ACS stated that past due notices were sent and collection attempts were made, without any supporting documentation;

g.      ACS stated to the CFPB that, "if Plaintiff is able to provide proof that his loans were rehabilitated he should forward this information to us," when, on information and belief, all relevant information remains Defendants' possession and control.

## ANSWER:

a.      **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (a) of the Amended Complaint.**

b.      **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (b) of the Amended Complaint.**

c.      **Conduent denies is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (c) of the Amended Complaint.**

d.      **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (d) of the Amended Complaint.**

e.      **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (e) of the Amended Complaint.**

f.     **Conduent denies the allegations contained in paragraph 213 (f) of the Amended Complaint.**

g.     **Conduent denies the allegations as to Conduent and ACS in paragraph 213 (g) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 213 (g) of the Amended Complaint.**

214.     Defendants knew said statements were false or were made recklessly and without regard for their truth.

**ANSWER:     Conduent denies the allegations as to Conduent contained in paragraph 214 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 214 of the Amended Complaint.**

215.     Defendants intended that Plaintiff rely upon the false statements.

**ANSWER:     Conduent denies the allegations as to Conduent contained in paragraph 215 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 215 of the Amended Complaint.**

216.     Plaintiff reasonably relied upon the false statements.

**ANSWER:     Conduent denies the allegations contained in paragraph 216 of the Amended Complaint.**

217.     Defendants' false statements damaged Plaintiff.

**ANSWER:     Conduent denies the allegations as to Conduent contained in**

**paragraph 217 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 217 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully prays this Honorable Court for judgment in favor of Plaintiff and against Defendants Access Group, ACS, ASA, and Delta Management and to award:

a)      Actual damages;

b)      Punitive damages; and

c)      Any and all additional relief this Court deems reasonable and just.

**<u>ANSWER:</u>**     **Conduent denies Plaintiff is entitled to any relief sought in Count V of the Amended Complaint.**

## <u>COUNT VI - NEGLIGENT MISREPRESENTATIONS</u>

### (In the alternative to Count V)

#### *As to Defendants Access Group, ACS, ASA, and Delta Management*

218.     Plaintiff reasserts and realleges paragraphs 1-156, as if fully set forth herein.

**<u>ANSWER:</u>**     **Conduent restates its answers to paragraphs 1-156 as paragraph 218 of the Amended Complaint.**

219.     Defendants owed, and owe, a duty to Plaintiff to provide true and accurate information regarding his student loan account.

**<u>ANSWER:</u>**     **Conduent denies the allegations as to Conduent contained in paragraph 219 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 219 of the Amended Complaint.**

220.     Defendants made numerous negligent, false, and material statements of fact regarding his student loan account.

**ANSWER:**     **Conduent denies the allegations as to Conduent contained in paragraph 220 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 220 of the Amended Complaint.**

221.    The misrepresentations include, *inter alia*:

a.    Access Group stated that Plaintiff's forbearance request was approved, yet subsequently failing to honor, record, and/or document the agreed upon forbearance;

b.    ASA stated that Plaintiff "had to be tracked down," despite Defendants having Plaintiff's current mailing address and telephone number at all relevant times, both provided by Plaintiff as well as available on his credit reports;

c.    ACS stated that letters were sent to Plaintiff, in contradiction to the statement that Plaintiff "had to be tracked down;"

d.    Delta Management stated that attempts were made to call Plaintiff and that his "voicemail wasn't set up," when Plaintiff's voicemail was working at all relevant times;

e.    Delta Management and ASA claimed ownership and a specific amount due, while also stating that ACS never provided any paperwork related to the servicing and ownership of the subject loan to ASA or Delta Management;

f.    ACS stated that past due notices were sent and collection attempts were made, without any supporting documentation;

g.    ACS stated that, "if Plaintiff is able to provide proof that his loans were rehabilitated he should forward this information to us," when, on information and belief, all relevant information is in Defendants' possession and control.

**ANSWER:**

a.    **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 221 (a) of the Amended Complaint.**

b.    **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 221 (b) of the Amended Complaint.**

58

c.    **Conduent denies is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 213 (c) of the Amended Complaint.**

d.    **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 221 (d) of the Amended Complaint.**

e.    **Conduent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 221 (e) of the Amended Complaint.**

f.    **Conduent denies the allegations contained in paragraph 221 (f) of the Amended Complaint.**

g.    **Conduent denies the allegations as to Conduent and ACS in paragraph 221 (g) of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 221 (g) of the Amended Complaint.**

222.    If Defendants did not know the foregoing statements were false, they could have known with minimal diligence and inquiry.

**ANSWER:    Conduent denies the allegations as to Conduent contained in paragraph 222 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 222 of the Amended Complaint.**

223.    Defendants intended that Plaintiff rely upon the false statements.

59

**ANSWER:** **Conduent denies the allegations as to Conduent contained in paragraph 223 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 223 of the Amended Complaint.**

224. Plaintiff reasonably relied upon the false statements.

**ANSWER:** **Conduent denies the allegations contained in paragraph 224 of the Amended Complaint.**

225. Defendants' false statements damaged Plaintiff.

**ANSWER:** **Conduent denies the allegations as to Conduent contained in paragraph 225 of the Amended Complaint. Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 225 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully prays this Honorable Court for judgment in favor of Plaintiff and against Defendants Access Group, ACS, ASA, and Delta Management and to award:

d) Actual damages;
e) Punitive damages; and
f) Any and all additional relief this Court deems reasonable and just.

**ANSWER:** **Conduent denies Plaintiff is entitled to any relief sought in Count VI of the Amended Complaint.**

### COUNT VII - FRAUDULENT CONCEALMENT

#### *As to Defendants Access Group, ACS, and ASA*

226. Plaintiff reasserts and realleges paragraphs 1-156, as if fully set forth herein.

**ANSWER:** **Conduent restates its answers to paragraphs 1-156 as paragraph 226 of the Amended Complaint.**

60

227.    As set forth *supra*, Defendants concealed certain material facts from Plaintiff regarding this student loan account.

**ANSWER:    Conduent denies the allegations as to Conduent contained in paragraph 227 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 227 of the Amended Complaint.**

228.    The concealed material facts include, *inter alia*:

a.    Access Group concealed the fact that the subject student loan was not granted a forbearance, despite the telephone conversation to the contrary;
b.    Access Group and ACS concealed the fact that subject student loan was transferred to a new servicer;
c.    ACS and ASA concealed the fact that the subject student loan was transferred to a new owner;
d.    Access Group and ACS concealed the fact that the subject student loan account was in arrears;
e.    ACS and ASA concealed the fact that the subject student loan was declared to be in default;
f.    Access Group, ACS, and ASA concealed the fact that late fees and collection fees were being added to the subject student loan.

**ANSWER:    Conduent denies the allegations as to Conduent and ACS contained in paragraph 228 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 228 of the Amended Complaint.**

229.    Defendants had a duty to disclose the foregoing material facts.

**ANSWER:    Conduent denies the allegations as to Conduent contained in paragraph 229 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 229 of the Amended Complaint.**

230.    The concealments were intended to induce a false belief, under circumstances creating a duty to speak.

**ANSWER:    Conduent denies the allegations as to Conduent contained in paragraph 230 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 230 of the Amended Complaint.**

231.    Plaintiff could not have discovered the truth through a reasonable inquiry or inspection.

**ANSWER:    Conduent denies the allegations contained in paragraph 231 of the Amended Complaint.**

232.    The concealed information was such that Plaintiff would have acted differently had he been aware of it.

**ANSWER:    Conduent denies the allegations contained in paragraph 232 of the Amended Complaint.**

233.    It should be noted that despite any allegations by Defendants that Plaintiff "had to be tracked down," Defendants had no problem reaching Plaintiff (at the same address he had at all relevant times and was provided to Access Group in December, 2011 and also reported on his Transunion credit report on December 18, 2011) *after* the purported default.

**ANSWER:    Conduent denies the allegations as to Conduent contained in paragraph 233 of the Amended Complaint.  Conduent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 233 of the Amended Complaint.**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to enter judgment in favor of Plaintiff and against Access Group, ACS, and ASA and to award:
a)    Actual damages;
b)    Punitive damages; and
c)    Any and all additional relief this Court deems reasonable and just.

**ANSWER:** **Conduent denies Plaintiff is entitled to any relief sought in Count VII of the Amended Complaint.**

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a cause of action against Conduent to the extent that he fails to sufficiently plead any claim of liability or damages against Conduent pursuant to *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct, omission, or failure to act on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

4.      Plaintiff's alleged cause of action under the Illinois Consumer Fraud Act ("ICFA") in Count I of the Amended Complaint against Conduent is time-barred by the ICFA's statute of limitations to the extent that he alleges conduct which occurred more than three (3) years prior to the filing of Plaintiff's Complaint.

5.      Plaintiff's alleged breach of contract claim in Count III of the Amended Complaint against Conduent is barred by the Illinois Statute of Frauds to the extent Plaintiff fails

to show that the alleged forbearance was a written agreement between Plaintiff and Conduent.

6.      Plaintiff's alleged claim for promissory estoppel in Count IV of the Amended Complaint against Conduent is barred by the Illinois Statute of Frauds to the extent Plaintiff is unable to establish a written promise or agreement for the alleged forbearance between Plaintiff and Conduent. *See Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005).

7.      Litigation is at an early stage and Conduent's investigation of the allegations raised in Plaintiff's Amended Complaint is continuing. Accordingly, Conduent reserves the right to raise additional affirmative defenses as they become known, up to and including during trial.

Defendant, Conduent Education Services, LLC, respectfully request that this Court enter judgment in its favor and against Plaintiff for costs of defending this lawsuit, and any other relief this Honorable Court deems necessary and proper.

Dated April 18, 2018

                       Respectfully submitted,

                       CONDUENT EDUCATION SERVICES, LLC

                       By: /s/ *Lucille A. Blackburn*
                           One of Its Attorneys

Maurice Grant
Lucille A. Blackburn
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112

**<u>AFFIDAVIT</u>**

I, LUCILLE A. BLACKBURN, declare under penalties as provided by law

pursuant to 735 ILCS 5/1-109 and pursuant to 735 ILCS 5/2-610(b) that I am one of the

attorneys representing Defendant CONDUENT EDUCATION SERVICES, LLC.  As to

matters in the attached Answer to the First Amended Complaint that were denied on the

basis of lack sufficient knowledge, the undersigned states that, due to the unavailability

of necessary information to admit or deny the allegations, CONDUENT EDUCATION

SERVICES, LLC is not in a position to admit or deny those allegations.

Executed on April 18, 2018                              /s/ *Lucille A. Blackburn*
                                                                                   Lucille A. Blackburn


Maurice Grant
Lucille A. Blackburn
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on April 18, 2018, she caused to be electronically filed the foregoing: **CONDUENT EDUCATION SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the court, a copy of which will be served on all counsel of record via the Court's CM/ECF System.

By: <u>***/s/: Lucille A. Blackburn***</u>
Lucille A. Blackburn

Maurice Grant
Lucille A. Blackburn
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111

Counsel for Defendant Conduent Education Services, LLC