IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY FLEISCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-cv-08295 |
| ) | |
| **ACCESSLEX INSTITUTE d/b/a ACCESS** ) | Judge Manish S. Shah |
| **GROUP; CONDUENT EDUCATION** ) | |
| **SERVICES, LLC f/k/a ACS EDUCATION** ) | |
| **SERVICES; MASSACHUSETTS HIGHER** ) | |
| **EDUCATION ASSISTANCE CORPORATION** ) | |
| **d/b/a AMERICAN STUDENT ASSISTANCE;** ) | |
| **DELTA MANAGEMENT ASSOCIATES,** ) | |
| **INC.; F.H. CANN & ASSOCIATES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**CONDUENT EDUCATION SERVICES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CONDUENT EDUCATION SERVICES, LLC f/k/a ACS EDUCATION SERVICES ("Conduent"), by its attorneys, through Maurice Grant and Lucille A. Blackburn of Grant Law LLC, hereby moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In support of its motion, Conduent states as follows:

1. On November 15, 2017, Plaintiff filed a seven-count Complaint against Conduent (and other Defendants) alleging the following claims: violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count I); violation of the Fair Debt Collection Practices Act ("FDCPA") (Count II); breach of contract (Count III); promissory estoppel (Count IV); fraudulent misrepresentations (Count V); negligent misrepresentations (Count VI); and fraudulent concealment (Count VII).

2.      On March 27, 2018, the Court granted Plaintiff leave to amend his complaint. Dkt. No. 60. On March 28, 2018, Plaintiff filed a seven-count Amended Complaint alleging the following claims: violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count I) against all Defendants; violation of the Fair Debt Collection Practices Act ("FDCPA") (Count II) against ASA, Delta and F.H. Cann; breach of contract (Count III) against Access Group and Conduent; promissory estoppel (Count IV) against Access Group and Conduent; fraudulent misrepresentations (Count V) against Access Group, Conduent, ASA, and Delta; negligent misrepresentations (Count VI) against Access Group, Conduent, ASA and Delta; and fraudulent concealment (Count VII) against Access Group, Conduent and ASA.

3.      Count I alleges that Conduent violated the ICFA by engaging in unfair and deceptive conduct when servicing Plaintiff's student loan account ("Loan"). Count III alleges that Conduent breached a contract with Plaintiff when it allegedly failed to honor a loan forbearance. Count IV alleges that Plaintiff is entitled to promissory estoppel because Conduent allegedly failed to honor a loan forbearance. Count V alleges that Conduent fraudulently misrepresented statements of material fact to Plaintiff regarding the Loan. Count VI alleges that Conduent negligently misrepresented statements of material fact to Plaintiff regarding the Loan. Count VII alleges that Conduent fraudulently concealed material facts from Plaintiff regarding the Loan.

4.      This Court should dismiss all counts against against Conduent for the following reasons:

> A. In Count I, Plaintiff's claim for unfair conduct under the ICFA is time-barred. Also, Plaintiff fails to allege any of the required elements for deceptive conduct under the ICFA with particularity as required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)");

B. In Count III, Plaintiff's breach of contract claim is barred by the statute of frauds, and no valid or enforceable contract exists between Conduent and Plaintiff;

C. In Count IV, Plaintiff fails to allege any of the elements required to plead a promissory estoppel claim, and this claim is barred by the statute of frauds;

D. In Count V, Plaintiff cannot allege any of the required elements for fraudulent misrepresentation with particularity as required by Rule 9(b) because Plaintiff never directly interacted with Conduent;

E. In Count VI, Plaintiff's claim for negligent misrepresentation is barred by the Illinois Economic Loss Doctrine. Furthermore, Plaintiff cannot sufficiently allege reliance on any misrepresentations made by Conduent; and

F. In Count VII, Plaintiff fails to state a cause of action for fraudulent concealment because Conduent, as a loan servicer, does not have a fiduciary duty to Plaintiff. Also, Plaintiff fails to plead the required elements for fraudulent concealment with particularity as required by Rule 9(b).

5. Accordingly, this Court should dismiss Plaintiff's Amended Complaint in its entirety against Conduent as set forth in further detail in Conduent's accompanying Memorandum of Law.

Wherefore, CONDUENT EDUCATION SERVICES, LLC f/k/a Acs Education Services respectfully requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and for such other and further relief as this Court deems just and equitable.

Dated: April 18, 2018

Respectfully submitted,

**CONDUENT EDUCATION SERVICES, LLC**

By: /s/: *Maurice Grant*
Maurice Grant
Lucille A. Blackburn
Grant Law, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111

## CERTIFICATE OF SERVICE

The undersigned certifies that April 18, 2018, she caused to be electronically filed the foregoing: **CONDUENT EDUCATION SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Court, a copy of which will be served on all counsel via the Court's CM/ECF System.

By: **/s/: *Lucille A. Blackburn***
Lucille A. Blackburn

Maurice Grant
Lucille A. Blackburn
**GRANT LAW, LLC**
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
P: (312) 551-0111
F: (312) 551-0112