**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY FLEISCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-08295** |
| | ) | |
| **ACCESSLEX INSTITUTE d/b/a ACCESS** | ) | **Judge Manish S. Shah** |
| **GROUP; CONDUENT EDUCATION** | ) | |
| **SERVICES, LLC f/k/a ACS EDUCATION** | ) | |
| **SERVICES; MASSACHUSETTS HIGHER** | ) | |
| **EDUCATION ASSISTANCE CORPORATION** | ) | |
| **d/b/a AMERICAN STUDENT ASSISTANCE;** | ) | |
| **DELTA MANAGEMENT ASSOCIATES,** | ) | |
| **INC.; F.H. CANN & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**CONDUENT EDUCATION SERVICES, LLC'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

---

## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................................1

II. PROCEDURAL BACKGROUND......................................................................................3

III. LEGAL STANDARD.........................................................................................................5

IV. ARGUMENT.....................................................................................................................6

    A. Plaintiff's ICFA Claim is Time-Barred, and Fails to Properly Allege Deceptive
    Conduct as Required by Rule 9(b)..........................................................................6

        1. *Plaintiff's alleged unfair conduct claim under the ICFA is time-barred,*
        *and should be dismissed with prejudice.*.....................................6

        2. *Plaintiff fails to state a claim for unfair conduct and deceptive conduct*
        *under the ICFA*................................................................7

    B. Plaintiff's Breach of Contract Claim is Barred by the Statute of Frauds, and
    No Valid or Enforceable Contract Exists Between Conduent and Plaintiff...........9

    C. Plaintiff Fails to Allege Any of the Elements Required to Plead A Promissory
    Estoppel Claim, and Plaintiff's Claim is barred by the Statute of Frauds...........11

    D. Plaintiff Cannot Allege any of the Required Elements for Fraudulent
    Misrepresentation with Particularity as required by Rule 9(b) because
    Plaintiff Never Directly Interacted with Conduent.............................................12

    E. Plaintiff's Claim for Negligent Misrepresentation is Barred by the Illinois Economic
    Loss Doctrine, and Plaintiff cannot sufficiently allege reliance on
    any misrepresentations made by Conduent........................................................14

    F. Plaintiff fails to State a Cause of Action for Fraudulent Concealment because
    Conduent Has No Fiduciary Duty to Plaintiff, and Plaintiff fails to plead the required
    elements with particularity as required by Rule 9(b)..........................................15

V. CONCLUSION...................................................................................................................17

**TABLE OF AUTHORITIES**

**Cases:**

*Akinlemibola v. Pennsylvania Higher Educ. Assistance,*
16 C 05291, 2016 WL 4191755 (N.D. Ill. Aug. 9, 2016),
aff'd, 672 Fed. Appx. 578 (7th Cir. 2017)……………………………………………..11, 14, 15

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009)………………………………………………………………......5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)……………………………………………………………………......5

*Carlos v. Beneficial Fin. I Inc.,*
17 C 1341, 2017 WL 5593317 (N.D. Ill. Nov. 21, 2017).....................................……6, 7

*Cocroft v. HSBC Bank USA, N.A.,*
10 C 3408, 2012 WL 1378645, at *1 (N.D. Ill. Apr. 20, 2012)..……………………..5, 12, 13, 14

*Dumas v. Infinity Broad. Corp.,*
416 F.3d 671 (7th Cir. 2005)………………………………………………………….11, 12

*E.E.O.C. v. Concentra Health Servs., Inc.,*
496 F.3d 773, 776 (7th Cir.2007)..…………………………………………………………...5

*Fox v. Manley, Deas, & Kochalski, LLC,*
No. 16 C 5715, 2016 WL 6092638 (N.D. Ill. Oct. 19, 2016)……………………….…...11, 12

*Gentleman v. Massachusetts Higher Educ. Assistance Corp.,*
16 C 3096, 2017 WL 4180286 (N.D. Ill. Sept. 21, 2017)…………………………….......7

*Geske v. Fed. Nat'l Mortg. Ass'n,*
2015 WL 1397087 (N.D. Ill. Mar. 25, 2015)…………………………………………….7

*Golbeck v. Johnson Blumberg & Associates, LLC,*
16-CV-6788, 2017 WL 3070868 (N.D. Ill. July 19, 2017)………………………………...8, 10

*Grupo Internacional Cantabria Co., S.A. v. ABN AMRO Inc.,*
07 C 1574, 2008 WL 161480 (N.D. Ill. Jan. 11, 2008)………………………………......9, 10

*McMahan v. Deutsche Bank AG,*
938 F. Supp. 2d 795, 805 (N.D. Ill. 2013)…………………………………………......16

*Moorman Mfg. Co. v. National Tank Co.,*
91 Ill.2d 69, 61 Ill.Dec. 746 (Ill. 1982)…………………………………………………..14

*Rocha v. Rudd,*
826 F.3d 905 (7th Cir. 2016)…………………………………………………………......15

*Roppo v. Travelers Companies,*
100 F. Supp. 3d 636 (N.D. Ill. 2015), *aff'd sub nom Roppo v. Travelers Commercial Ins. Co.,*
869 F.3d 568 (7th Cir. 2017)…………………………………………………………......15

*Ryan v. Goldshield Fiberglass, Inc.,*
2016 WL 2643443 (N.D. Ind. May 9, 2016)……………..……………………………….5

*Swanson v. Citibank, N.A.,*
614 F.3d 400 (7th Cir. 2010)………………………………………………………………..5

*Thrasher-Lyon v. Illinois Farmers Ins. Co.,*
861 F. Supp. 2d 898 (N.D. Ill. 2012)…………………………………………………...8, 9

*Wigod v. Wells Fargo Bank, N.A.,*
 673 F.3d 547 (7th Cir. 2012)……………………………………………...14, 15, 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY FLEISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-08295 |
| | ) | |
| ACCESSLEX INSTITUTE d/b/a ACCESS | ) | Judge Manish S. Shah |
| GROUP; CONDUENT EDUCATION | ) | |
| SERVICES, LLC f/k/a ACS EDUCATION | ) | |
| SERVICES; MASSACHUSETTS HIGHER | ) | |
| EDUCATION ASSISTANCE CORPORATION | ) | |
| d/b/a AMERICAN STUDENT ASSISTANCE; | ) | |
| DELTA MANAGEMENT ASSOCIATES, | ) | |
| INC.; F.H. CANN & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CONDUENT
EDUCATION SERVICES, LLC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, CONDUENT EDUCATION SERVICES, LLC f/k/a ACS EDUCATION

SERVICES ("Conduent"), by its attorneys, through Maurice Grant and Lucille A. Blackburn of

Grant Law LLC, hereby submits the following Memorandum of Law in Support of Its Motion to

Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) ("Rule 12(b)(6)").

## I.        INTRODUCTION

Plaintiff's Amended Complaint alleges that he applied for a forbearance of his student

loan payments ("Loan Forbearance") in November 2011 with Access Group, a student loan

lender.  Am. Compl. ¶ 46.  Plaintiff next alleges that a representative from Access Group

informed him during a telephone conversation in December 2011 that: "(1) his forbearance

application was accepted; (2) the 2.5% interest rate on the loan would continue to accrue during

1

the forbearance; (3) the forbearance would last up to three (3) years; and (4) Access Group sent the forbearance acceptance letter to Plaintiff's previous address." Am. Compl. ¶ 48. Plaintiff also alleges that he provided the Access Group representative with his current address during this telephone conversation. Am. Compl. ¶ 49.

Based on information and belief, Plaintiff alleges that "loan-servicing performed by Access Group… was transferred to [Conduent]" on or about December 23, 2011. Am. Compl. ¶ 10. Plaintiff, however, alleges that he "received no correspondence from any entity" regarding his student loan account for twenty-three (23) months following the December 2011 telephone conversation with Access Group until November 2013. Am. Compl. ¶ 55.

Plaintiff next alleges that he received a letter on November 8, 2013, from Delta Management ("Delta"), a loan collection agency, stating that Plaintiff's student loan: (1) was in default; (2) was serviced by Conduent (a company Plaintiff "had never heard of" before receiving this letter); (3) was owned by American Student Assistance ("ASA"), the loan's guarantor; and (4) had a balance of $51,000. Am. Compl. ¶ 58. The same day Plaintiff received this letter, he "called Access Group and was informed that Access Group's loans were transferred, and that he should call [Conduent]." Am. Compl. ¶ 61. Plaintiff then alleges he filed a complaint with the Consumer Financial Protection Bureau (the "CFPB") on November 8, 2013. Am. Compl. ¶ 63. Plaintiff's Amended Complaint does not allege any details about the complaint filed with the CFPB.

Plaintiff's Amended Complaint alleges that he disputed his student loan account during telephone conversations with: (1) a Delta representative on November 12, 2013; and (2) an ASA representative on November 14, 2013. Am. Compl. ¶¶ 64-66. At some point, Plaintiff retained counsel to assist him in this matter, and Plaintiff's counsel sent ASA and Delta a letter dated

November 27, 2013. Am. Compl. ¶ 72; *See* a copy of the November 27, 2013, letter attached as Exhibit F to the Amended Complaint. Within this letter, Plaintiff's counsel disputes the loan amount claimed by ASA, and asserts the existence of the alleged Loan Forbearance. *Id.* Plaintiff alleges that his prior counsel received a letter from ASA in April 2014, that "reiterated the purported amount of debt and fees, without any support thereof, and failed to acknowledge Plaintiff's forbearance agreement." Am. Compl. ¶ 76.

Allegedly, "Plaintiff escalated the matter to the offices of Senators Dick Durbin and Tammy Duckworth" in February, 2017. Am. Compl. ¶ 89. On April 18, 2017, Plaintiff received a letter dated March 29, 2017, from the CFPB with an attached response from Conduent (the "Conduent Response"). Am. Compl. ¶ 91; *see* Exhibit H attached to the Amended Complaint. The Conduent Response states: (1) Conduent serviced the Plaintiff's student loan on behalf of the Access Group; (2) in March 2012, Plaintiff's loan account became past due; (3) Conduent did not receive any payments or a valid deferment or forbearance prior to the loan's default; and (4) on March 26, 2013, Plaintiff's account was defaulted and paid by his guarantor, ASA. *See* Exhibit H attached to the Amended Complaint. The Conduent Response also states that if Plaintiff "is able to provide proof that his loans were rehabilitated he should forward this information to us." *Id.* Plaintiff's Amended Complaint does not allege that he sent any documents to Conduent to remedy his loan default or to prove his alleged Loan Forbearance.

## II.     PROCEDURAL BACKGROUND

On November 15, 2017, Plaintiff filed a seven-count Complaint against Conduent (and other Defendants) alleging the following claims: violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count I); violation of the Fair Debt Collection Practices Act ("FDCPA") (Count II); breach of contract (Count III); promissory estoppel (Count IV);

fraudulent misrepresentations (Count V); negligent misrepresentations (Count VI); and

fraudulent concealment (Count VII). A true and correct copy of Plaintiff's Complaint is attached

hereto as Exhibit A.

On March 27, 2018, the Court granted Plaintiff leave to amend his complaint. Dkt. No.

60. On March 28, 2018, Plaintiff filed a seven-count Amended Complaint alleging the following

claims: violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count I)

against all Defendants; violation of the Fair Debt Collection Practices Act ("FDCPA") (Count II)

against ASA, Delta and F.H. Cann; breach of contract (Count III) against Access Group and

Conduent; promissory estoppel (Count IV) against Access Group and Conduent; fraudulent

misrepresentations (Count V) against Access Group, Conduent, ASA, and Delta; negligent

misrepresentations (Count VI) against Access Group, Conduent, ASA and Delta; and fraudulent

concealment (Count VII) against Access Group, Conduent and ASA. A true and correct copy of

Plaintiff's Amended Complaint is attached hereto as Exhibit B.

Plaintiff's Complaint suffers from fatal deficiencies, and all six Counts against Conduent

should be dismissed because:

1. In Count I, Plaintiff's claim for unfair conduct under the ICFA is time-barred.
   Also, Plaintiff fails to allege any of the required elements for deceptive conduct
   under the ICFA with particularity as required by Federal Rule of Civil Procedure
   9(b) ("Rule 9(b)");

2. In Count III, Plaintiff's breach of contract claim is barred by the statute of frauds,
   and no valid or enforceable contract exists between Conduent and Plaintiff;

3. In Count IV, Plaintiff fails to allege any of the elements required to plead a
   promissory estoppel claim, and this claim is barred by the statute of frauds;

4. In Count V, Plaintiff cannot allege any of the required elements for fraudulent
   misrepresentation with particularity as required by Rule 9(b) because Plaintiff
   never directly interacted with Conduent;

5. In Count VI, Plaintiff's claim for negligent misrepresentation is barred by the Illinois Economic Loss Doctrine. Furthermore, Plaintiff cannot sufficiently allege reliance on any misrepresentations made by Conduent; and

6. In Count VII, Plaintiff fails to state a cause of action for fraudulent concealment because Conduent, as a loan servicer, does not have a fiduciary duty to Plaintiff. Also, Plaintiff fails to plead the required elements for fraudulent concealment with particularity as required by Rule 9(b).

Accordingly, this Court should dismiss Plaintiff's Amended Complaint against Conduent in its entirety with prejudice pursuant to Rule 12(b)(6).

### III.    LEGAL STANDARD

A complaint must be dismissed pursuant to Rule 12(b)(6) when it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see *Cocroft v. HSBC Bank USA, N.A.*, 10 C 3408, 2012 WL 1378645, at *1 (N.D. Ill. Apr. 20, 2012). The Complaint must include sufficient factual allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)). If not, a plaintiff "pleads [herself] out of court. *Id.* A plaintiff must do better than "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Ryan v. Goldshield Fiberglass, Inc.*, 2016 WL 2643443, at *1 (N.D. Ind. May 9, 2016) (*quoting Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## IV.     ARGUMENT

**A.     Count I Should Be Dismissed against Conduent Because Plaintiff's ICFA Claim is Time-Barred, and Fails to Properly Allege Deceptive Conduct as Required by Rule 9(b).**

Plaintiff alleges that Conduent violated the ICFA by acting with unfair conduct and deceptive conduct.  Am. Compl. ¶¶ 167, 174.  There are different legal requirements to successfully allege these two claims.  Therefore, Conduent will address these two ICFA claims separately.

### 1.     Plaintiff's alleged unfair conduct claim under the ICFA is time-barred, and should be dismissed with prejudice.

The ICFA states it is unlawful to engage in "unfair or deceptive acts or practices . . . with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce."  815 ILCS § 505/2.  Generally, an ICFA claim must be brought "within three years of the date the claim accrues."  *Carlos v. Beneficial Fin. I Inc.*, 17 C 1341, 2017 WL 5593317, at *2 (N.D. Ill. Nov. 21, 2017); *see* 815 Ill. Comp. Stat. § 505/10e(a).  An ICFA claim accrues when the plaintiff knows or reasonably should know: (1) of his injury; and (2) the injury was wrongfully caused.  *Carlos*, 2017 WL 5593317, at *2.

According to the Amended Complaint, Plaintiff learned on November 8, 2013, that: (1) his student loan was in default; (2) the loan was serviced by Conduent; (3) the loan ownership was transferred to ASA; and (4) the student loan balance increased from $38,000 to $51,000.  Am. Compl. ¶ 58.  Plaintiff's Amended Complaint further alleges that he filed a complaint with the CFPB on November 8, 2013, and disputed his student loan account with: (1) Access Group on November 8, 2013; (2) Delta on November 12, 2013; and (3) ASA on November 14, 2013.  Am. Compl. ¶¶ 61-66.  Plaintiff also attaches a letter dated November 27, 2013, written by his prior counsel which further disputes Plaintiff's student loan account and Loan Forbearance with

6

ASA and Delta. *See* Exhibit F attached to the Amended Complaint. Plaintiff's Complaint was not filed until November 15, 2017, more than three (3) years later. His Amended Complaint was not filed until March 28, 2018, more than four (4) years later. Therefore, these allegations about unfair conduct under the ICFA are fatally flawed because both Plaintiff's Complaint and Amended Complaint shows that he knew of these violations in 2013.

In *Carlos v. Beneficial Fin. I Inc*., 2017 WL 5593317, at *3, the district court held that the plaintiffs' ICFA claim was time-barred because the mortgage statement attached to their complaint demonstrated that plaintiffs knew or should have known of the interest miscalculation that allegedly violated the ICFA more than three (3) years before filing their action against the loan servicer.

In *Gentleman v. Massachusetts Higher Educ. Assistance Corp*., 16 C 3096, 2017 WL 4180286, at *9 (N.D. Ill. Sept. 21, 2017), the district court dismissed a plaintiff's ICFA claim as untimely because the ICFA claim accrued when the subject student loan went into default more than three (3) years before the claim was filed.

Like *Carlos* and *Gentleman,* Plaintiff knew of the alleged unfair ICFA violations in 2013, when he first discovered his student loan default. *See* Am. Compl. ¶¶ 58, 61-66; *see also* Exhibit F attached to the Complaint. Therefore, Plaintiff's ICFA claim for unfair conduct is time-barred.

**2. Plaintiff fails to state a claim for unfair conduct and deceptive conduct under the ICFA.**

Plaintiff's claim for unfair conduct must be dismissed because Plaintiff does not plead sufficient allegations to establish unfair conduct. "A bare assertion of unfairness without describing in what manner the alleged acts either violated public policy or are oppressive is insufficient to state a cause of action." *Geske v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 1397087, at *3 (N.D. Ill. Mar. 25, 2015).

7

Plaintiff's Amended Complaint generally alleges that all Defendants acted unfairly in violation of the ICFA by "failing to to honor the agreed-upon forbearance." Am. Compl. ¶ 167(a). Plaintiff also alleges that Conduent acted unfairly in violation of the ICFA by failing to honor, service, and provide notice for Plaintiff's alleged Loan Forbearance and student loan. Am. Compl. ¶ 167(b-k). Plaintiff, however, fails to allege any facts how Conduent's actions violated public policy or were oppressive. Plaintiff also fails to allege any facts that indicate that Conduent intended that Plaintiff rely on its alleged unfair conduct. Therefore, Plaintiff's Amended Complaint fails to allege that Conduent committed any unfair conduct under the ICFA. Accordingly, Plaintiff's claim for unfair conduct under the ICFA is not only time-barred, but fatally deficient.

Likewise, Plaintiff fails to state a claim for deceptive conduct. To state a claim for deceptive conduct under the ICFA, Plaintiff must allege five elements: (1) a deceptive act or unfair practice occurred; (2) a reliance on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) Plaintiff sustained actual damages; and (5) the damages were proximately caused by the deception. *Golbeck v. Johnson Blumberg & Associates, LLC*, 16-CV-6788, 2017 WL 3070868, at *12 (N.D. Ill. July 19, 2017). These actual damages must arise from purely economic injuries, and must be calculable and measured by the plaintiff's loss. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012). In addition, Plaintiff's ICFA claim for deceptive conduct must be pled with particularity and must allege the "who, what, when, where, and how" of the fraud or misrepresentation. *Id.* at 909.

Count I of Plaintiff's Amended Complaint generally alleges Conduent engaged deceptive conduct in violation of the ICFA by stating to the CFPB that: (1) past due notices were sent and

collection attempts were made;" and (2) if Plaintiff is able to provide proof that his loans were rehabilitated he should forward this information to us. Am. Compl. ¶ 174(f) and (g). Then, Plaintiff generally alleges that *"Defendants' conduct"* caused injury to Plaintiff. Am. Compl. ¶ 181. These general allegations fail to sufficiently allege any facts that: (1) Conduent committed any specific act of deception; (2) Conduent intended to deceive Plaintiff for his reliance on any deceptive act; (3) any deception occurred in course of Conduent's conduct involving trade or commerce; and (4) Plaintiff sustained *actual* damages as a result of Conduent's actions.

In *Thrasher-Lyon,* the court held that an ICFA claim which alleged that the plaintiff was "is entitled to recover actual and punitive damages" and "damaged as a direct and proximate result of [d]efendants' alleged violations of the ICFA" was legally conclusory and failed to provide factual and calculable damages as required under the ICFA. *Thrasher-Lyon,* 861 F. Supp. 2d at 913.

Like *Thrasher-Lyon,* Plaintiff fails to state factual and calculable damages specifically caused by Conduent as required under the ICFA. Because Plaintiff's fails to plead any of the required elements for deceptive conduct with particularity as required by Rule 9(b), Count I should be dismissed.

**B.     Count III Should Be Dismissed Because Plaintiff's Breach of Contract Claim is Barred by the Statute of Frauds, and No Valid or Enforceable Contract Exists Between Conduent and Plaintiff.**

Plaintiff's breach of contract claim is barred by the Illinois Statute of Frauds (740 ILCS 80/1) which requires a contract be in writing unless it is capable of being fully performed within one year to be enforceable. *Grupo Internacional Cantabria Co., S.A. v. ABN AMRO Inc.*, 07 C 1574, 2008 WL 161480, at *4 (N.D. Ill. Jan. 11, 2008).

Here, Plaintiff alleges that the Loan Forbearance lasted up to three (3) years. Am. Compl. ¶ 194. Plaintiff, however, does not allege that he signed a final loan forbearance agreement, or that he received any documentation evidencing that the Loan Forbearance was accepted by Access Group. Instead, Plaintiff simply alleges that the "agreed-upon forbearance . . . is in Defendants' possession and control." Am. Compl. ¶192.

In *Grupo*, plaintiffs allege that defendants breached an oral contract to invest in their investment fund. *Grupo*, 2008 WL 16148 at * 3. The district court dismissed the plaintiff's breach of contract claim because the oral contract was not evidenced in a written document signed by both parties, and could not be performed within one year. *Id.* *4. Therefore, the statute of frauds barred the enforcement of the oral contract. *Id.*

Like *Grupo*, Plaintiff's claim for breach of contract is barred by the statute of frauds because the alleged Loan Forbearance could not be performed within a year, and Plaintiff fails to allege that he signed a written forbearance contract.

In addition, Plaintiff's breach of contract claim fails because Plaintiff does not allege any of the pleading requirements for a breach of contract. To state a claim for breach of contract a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Golbeck*, 2017 WL 3070868, at *5.

Here, Plaintiff's Amended Complaint never alleges a valid and enforceable contract exists between Conduent and Plaintiff. Instead, Plaintiff's Amended Complaint alleges Access Group offered him a forbearance, He accepted the offer, and a contract was formed between Access Group and Plaintiff. Am. Compl. ¶¶ 194-196. Plaintiff's Complaint further alleges "Access Group breached the contract with Plaintiff by declaring the subject student loan to be in

default." Am. Compl. ¶ 198. Because Plaintiff never alleges a valid and enforceable contract with Conduent, Court III is fatally deficient.

In a factually similar case, *Akinlemibola v. Pennsylvania Higher Educ. Assistance,* the court held that the plaintiff could not show a breach of contract because there was no contract formed when the plaintiff simply applied for a loan deferment, and never received a letter from the loan servicer approving the loan deferment. *Akinlemibola v. Pennsylvania Higher Educ. Assistance,* 16 C 05291, 2016 WL 4191755, at *2 (N.D. Ill. Aug. 9, 2016), aff'd, 672 Fed. Appx. 578 (7th Cir. 2017).

Like *Akinlemibola,* Plaintiff alleges that he applied for the alleged Loan Forbearance with Access Group, not Conduent but never received any letters from the lender or loan servicer confirming it was approved. Am. Compl. ¶¶ 46-49; 55. Accordingly, Count III should be dismissed as a matter of law.

**C.     Count IV Should Be Dismissed Because Plaintiff Fails to Allege Any of the Elements Required to Plead A Promissory Estoppel Claim, and Plaintiff's Claim is barred by the Statute of Frauds.**

To state a claim for promissory estoppel, Plaintiff must allege: (1) Conduent made an unambiguous promise to Plaintiff; (2) Plaintiff relied on such promise; (3) Plaintiff's reliance was expected and foreseeable by Conduent; and (4) Plaintiff relied on the promise to his detriment. *Fox v. Manley, Deas, & Kochalski, LLC,* No. 16 C 5715, 2016 WL 6092638, *4 (N.D. Ill. Oct. 19, 2016) (*citing Dumas v. Infinity Broad. Corp.,* 416 F.3d 671, 677 (7th Cir. 2005)).

Plaintiff's Amended Complaint fails to allege any of the four (4) pleading requirements for promissory estoppel enunciated in *Fox.* Instead, Plaintiff's Amended Complaint merely alleges that it "remains unknown which company failed to honor Plaintiff's agreed-upon

forbearance" to support his allegation of promissory estoppel against Conduent. Am. Compl. ¶ 202. This single allegation is woefully insufficient to state a cause of action for promissory estoppel. *See Fox,* 2016 WL 6092638, *4 (where the district court dismissed a plaintiff's promissory estoppel claim because the plaintiff failed to allege that the loan servicer offered an unambiguous promise to the plaintiff when working to resolve a loan modification).

In addition, "[w]here a plaintiff is unable to establish a written 'promise or agreement' sufficient to satisfy the statute of frauds . . . he will also *per se* be unable to demonstrate the existence of an "unambiguous promise" for promissory estoppel purposes." *See Dumas*, 416 F.3d at 677 (where the Seventh Circuit affirmed the dismissal of a plaintiff's promissory estoppel claim because the plaintiff could not satisfy the Illinois statute of frauds requiring the production of documentary evidence of a promise or agreement.)

Like *Dumas,* Plaintiff fails to allege the existence of any documentation to support his alleged Loan Forbearance. Therefore, Count IV must also be dismissed with prejudice.

**D.    Count V Should Be Dismissed Because Plaintiff Cannot Allege any of the Required Elements for Fraudulent Misrepresentation with Particularity as required by Rule 9(b) because Plaintiff Never Directly Interacted with Conduent.**

To properly plead a fraudulent misrepresentation cause of action, Plaintiff must allege: (1) a false statement of material fact; (2) known or believed to be false by the party stating it; (3) the intent to induce the other party to act; (4) action in reliance by the other party; and (5) damage as a result of that reliance. *Cocroft*, 2012 WL 1378645, at *8. Claims for fraudulent misrepresentation are subject to the heightened pleading standards set forth in Rule 9(b). *Id.*

Plaintiff's Amended Complaint alleges Conduent made the following false statements to the CFPB: (1) "past due notices were sent and collection attempts were made without supporting documentation;" and (2) "if Plaintiff is able to provide proof that his loans were rehabilitated he

12

should forward this information to us." Am. Compl. ¶ 213 (f) and (g). Plaintiff, fails to identify how these alleged misrepresentations were false statements of material fact.

In *Cocroft*, the plaintiffs alleged that a lender fraudulently misrepresented finance charges on their mortgage loan, and the true identity of the lender. *Cocroft*, 2012 WL 1378645, at *8. The district court dismissed the plaintiffs' claim because the plaintiffs did not sufficiently allege justifiable reliance on the alleged misrepresentations, or that the plaintiffs suffered damages as a result of listed injuries contained in the complaint. *Id.* Like *Cocroft,* Plaintiff fails to allege with particularity that Conduent made any false misrepresentations that it knew or believed were false to Plaintiff.

Plaintiff's Amended Complaint also does not allege facts claiming Conduent's alleged misrepresentations were intended to induce him to act. Furthermore, it is impossible for Conduent to have induced Plaintiff to act through any misrepresentations because: (1) Conduent was never involved with the alleged Loan Forbearance; (2) Conduent did not service Plaintiff's loan after it was paid off by ASA in 2013, and the loan was no longer owned by Access Group; and (3) Plaintiff's Amended Complaint never alleges that he had *any* direct communication or interactions with Conduent. *See* Am. Compl. ¶¶ 48, 55, 67; *see also* Exhibit H attached to the Amended Complaint. Instead, Plaintiff alleges that he never heard of Conduent until *after* he stopped making his loan payments, and his loan was in default in 2013. Am. Compl. ¶ 58. The only communication that Plaintiff's Amended Complaint alleges from Conduent is the letter dated March 29, 2017, addressed to the CFPB responding to Plaintiff's CFPB complaint. Am. Compl. ¶ 91. Therefore, Conduent could not have made any misrepresentations to Plaintiff intending to induce Plaintiff to act in any manner.

In addition, Plaintiff fails to allege that he relied on any misrepresentations made by Conduent, and that any damages resulted from Plaintiff's reliance on the alleged misrepresentations. *Cocroft*, 2012 WL 1378645, at *8. Plaintiff's Amended Complaint only alleges that "Plaintiff reasonably relied upon the false statements" by Defendants and "Defendants' false statements damaged Plaintiff." Am. Compl. ¶¶ 216-217; s*ee Akinlemibola*, 2016 WL 4191755, at *2 (where the court held that a plaintiff who defaulted on her student loans could not show any damages that resulted from the loan servicer because any damages she incurred were the result of her own non-payment of her loan obligations). Therefore, Count V should be dismissed with prejudice.

**E.**     **Count VI Should Be Dismissed Because Plaintiff's Claim for Negligent Misrepresentation is Barred by the Illinois Economic Loss Doctrine, and Plaintiff <u>cannot sufficiently allege reliance on any misrepresentations made by Conduent.</u>**

Plaintiff's negligent misrepresentation claim is barred by the Illinois Economic Loss Doctrine. In *Moorman Mfg. Co. v. National Tank Co*., 91 Ill.2d 69, 61 Ill.Dec. 746 (Ill. 1982), the Illinois Supreme Court adopted the Economic Loss Doctrine which holds that losses of a solely economic nature cannot be recovered in a tort action. *Id.* This doctrine bars recovery in tort for purely economic losses arising out of a failure to perform contractual or commercial obligations. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 567, 574 (7th Cir. 2012)(where the Seventh Circuit barred a plaintiff's negligent misrepresentation claim against a loan servicer because the servicer's duty to provide accurate information to the plaintiff stemmed from their commercial relationship, and plaintiff only sought economic damages from the servicer).

Here, Plaintiff seeks "actual and punitive damages" for his claim for negligent misrepresentation against Conduent. Am. Compl. P. 60. Furthermore, Plaintiff alleges no personal injury or property damage, and only alleges economic damages for the claim of

negligent misrepresentation. Therefore, Plaintiff's claim for negligent misrepresentation falls squarely within the Economic Loss Doctrine, and must be dismissed as a matter of law. *See Wigod,* 673 F.3d at 574.

In addition, Plaintiff's claim for negligent misrepresentation should be dismissed because Plaintiff cannot sufficiently plead reliance for negligent misrepresentations by Conduent. For negligent misrepresentation claims, a plaintiff must allege that he took "action ... in reliance on the truth of" defendants' misrepresentations. *Roppo v. Travelers Companies*, 100 F. Supp. 3d 636, 643 (N.D. Ill. 2015), aff'd sub nom *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568 (7th Cir. 2017)(where the district court dismissed a plaintiff's claim for negligent misrepresentation because the plaintiff failed to plead any facts describing what the plaintiff did (or decided not to do) in reliance on defendants' misrepresentations).

As discussed in detail *supra* in Section D of this Memorandum, Plaintiff cannot allege that he relied on any misrepresentations made by Conduent. Plaintiff's Amended Complaint only alleges that "Defendants intended that Plaintiff rely upon the false statements." Am. Compl. ¶ 223. Plaintiff does not allege any facts to support this allegation. Again, Plaintiff alleges that he "never heard of [Conduent]" until after learning that his loan was in default, and the collection proceedings began. Am. Compl. ¶ 58. *See Akinlemibola*, 2016 WL 4191755, at *2. Therefore, Plaintiff fails to allege any facts showing that he relied on any misrepresentations by Conduent. Accordingly, Count VI should be dismissed.

**F.   Count VII Should Be Dismissed Because Plaintiff fails to State a Cause of Action for Fraudulent Concealment because Conduent Has No Fiduciary Duty to Plaintiff, and Plaintiff fails to plead the required elements with particularity as required by Rule 9(b).**

To sufficiently plead a claim for fraudulent concealment, Plaintiff must allege: (1) the elements of fraudulent misrepresentation (discussed *supra* Section D); and (2) that Conduent

15

intentionally omitted or concealed a material fact that it was under a duty to disclose to Plaintiff. This duty to disclose arises when a "fiduciary or confidential" relationship exists, or "a plaintiff places trust and confidence in a defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *McMahan v. Deutsche Bank AG,* 938 F. Supp. 2d 795, 805 (N.D. Ill. 2013). Fraudulent concealment must be pled under the heightened pleading standard required by Rule 9(b). *Id.*

In *McMahan,* 938 F. Supp. 2d at 805, the court dismissed a fraudulent concealment claim because the plaintiffs failed to allege particular details about when and where the fraudulent concealment occurred, and what material facts should have been disclosed at what times.

Like *McMahan*, Plaintiff's Amended Complaint fails to allege the "who, what, when, why, and how" details for any fraudulent concealment allegation by Conduent pursuant to Rule 9(b). Also, Plaintiff's Amended Complaint alleges Conduent concealed: (1) his loan was transferred to a new loan servicer; (2) the loan had a new owner; (3) the loan account was in arrears; (4) late fees and collection fees were being added to the loan; and 5) the loan was in default. Am. Compl. ¶ 228(b)-(f).

Plaintiff's fraudulent concealment claim fails because the Amended Complaint alleges no facts that Conduent owed Plaintiff a duty to disclose. The Plaintiff's Amended Complaint alleges no direct interaction with the Conduent. Instead, Plaintiff "never heard of Conduent" until after his student loan was in default. Am. Compl. ¶ 58. Also, there are no facts alleged which infer the existence of a long-term relationship with Conduent, receipt of professional advice directly from any Conduent personnel, or the exercise of "dominance" of Conduent over Plaintiff such that a fiduciary relationship could be imposed. *See Wigod,* 673 F.3d at 573 (where the court dismissed plaintiff's claim for fraudulent misrepresentation against a loan servicer

16

because the loan servicer did not exercise "overwhelming influence" over the plaintiff). Because Plaintiff cannot allege any facts showing that a fiduciary relationship exists with Conduent, it is impossible for Plaintiff to sufficiently allege that Conduent had a duty to disclose to Plaintiff. Accordingly, Count VII should be dismissed with prejudice.

**V.    CONCLUSION**

WHEREFORE, Defendant Conduent Education Services, LLC f/k/a ACS Education Services respectfully moves this Court to grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

**CONDUENT EDUCATION SERVICES, LLC**

By:    /s/: *Maurice Grant*
          Maurice Grant
          Lucille A. Blackburn
          Ashley Starks
          Grant Law, LLC
          230 West Monroe Street, Suite 240
          Chicago, Illinois 60606
          (312) 551-0111